**STATE of Utah, Plaintiff and Appellee,**

v.

**Darryl K. BOSSERT, Defendant and Appellant.**

No. 870322.

Supreme Court of Utah.

Sept. 13, 1988.

Robert Van Sciver, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellee.

PER CURIAM:

Defendant appeals his conviction on a jury verdict of one count of aggravated sexual assault, a first degree felony under Utah Code Ann. § 76–5–405 (1988). He claims error in the trial court's refusal to allow his counsel to ask a witness a question which he says was probative of a possible motive on the part of the victim for fabrication of the charge against him. We affirm.

The victim met defendant at a party at the residence of some of her friends in Kearns, Utah. Defendant had learned of the party by overhearing two men who purchased a keg of beer at the Valley Lounge invite another person to the party. The victim testified that at about 1:30 a.m., defendant asked her if she wanted to go out to his car and get high. She told him she did not do that anymore. He asked her

if she would roll a joint of marijuana for him. She said she would, if she could also roll one for her friend Steve, who was also at the party. The victim testified that the two went out to defendant's car and she rolled a joint, but when she said she would go get Steve, defendant pulled her into the car by her hair, slammed the car door, and drove several miles to Kearns High School, where he raped her after threatening her with a knife. She testified that defendant then told her to get out of the car. She did so and dressed herself. The victim asked defendant to take her back to the party, which he did. She said that she went into the house and that her friends called the police after she told them what had happened.

Defendant told a different story. He said that the victim agreed to smoke marijuana in his car, but after rolling a joint she said she would go get her friend Steve. He told her he promised to get her high, not all her friends. She called him a dirty name, threw the rolled joint at him, and went back into the house. Defendant said he then drove home.

The police detective who responded to the call at the party that night testified that the call came in at 4:15 a.m. The victim's friend Steve, who testified at the trial, "guessed" that the victim came back at about 3:30 a.m.

Defendant's theory of the case was that the victim fabricated her story of a rape in order to explain her long absence from the party to a boyfriend who might have been at the party. Defendant argues that he was prevented from probing this theory when the trial court sustained an objection to a question put to Steve Renteria. The victim had testified that she had no boyfriend at the time and that her friend Steve was not a boyfriend. The question put to Steve was as follows:

Mr. Kuramada: Just a couple of questions, Mr. Renteria. Did Cherie have a boyfriend?

A. To the best of my knowledge, I don't think she had a boyfriend at the time.

Q. She was seeing a lot of people, wasn't she, different people? Wasn't she seeing a lot of different people during that period of time?

Mr. Vuyk: I object. It's immaterial.

The Court: What do you claim for it, Mr. Kuramada?

Mr. Kuramada: Well, your Honor, she was claiming she did not have a boyfriend at the time. And it goes, I think, to motive for fabrication.

The Court: Seeing a lot of people, I think, is getting beyond the scope and far afield. Sustained.

As can be seen, the question put to Steve is not probative of whether the victim had a boyfriend at the party. Defendant had asked both the victim and Steve whether the victim had a boyfriend at the time of this rape, and both had answered "no." Defendant was not restricted from further asking either witness whether the victim had dated anyone at the party. Such a question might have revealed such a supposed motive. However, the question asked is designed to reveal only the victim's sexual promiscuity, which is irrelevant to any issue in this case and is insufficiently probative of defendant's theory. *See State v. Johns*, 615 P.2d 1260 (Utah 1980). The trial court did not err in excluding the question.

Defendant also argues that the error in excluding the question put to Steve was prejudicial and of constitutional dimension. However, because we find that the trial court was not in error, we do not address defendant's arguments. The verdict and judgment of conviction are affirmed.