The STATE of Utah, Plaintiff and Respondent,

v.

Warren J. GEARY, Defendant and Appellant.

No. 19625.

Supreme Court of Utah.

Sept. 26, 1985.

Ronald J. Yengich, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was convicted of two counts of aggravated sexual assault, a first degree felony under U.C.A., 1953, § 76-5-405. He appeals, contending that he was denied a fair trial as guaranteed by the sixth amendment to the United States Constitution and article I, section 12, Constitution of Utah, due to the ineffective assistance of his trial counsel. Affirmed.

The only facts germane to this appeal concern the victim's testimony that defendant forced her into an alley by threatening her with a knife and that he used the knife to cut a tie on her blouse in order to remove it.

Defendant raised consent as a defense to the charges and testified on his own behalf. He testified that he and the complaining witness had gone into the alley at her suggestion, as she had said that if they went to her apartment her "biker boyfriend" would kill them both. Defendant also testified that the knife found in his possession at the time of the arrest had been given to him for his twelfth birthday, and he had carried it with him since that time. Defendant denied that he had cut a tie on the victim's blouse. He said that he had unbuttoned the blouse at the victim's request and that he did not remember that the blouse had a tie.

On the morning of the trial, defendant's counsel observed a blouse at the prosecutor's table. She then moved to exclude the blouse as evidence on the ground that the prosecutor had failed to disclose its existence as possible evidence in response to a

request for discovery made by defendant under Rule 16, Utah R.Crim.P. At the time the request for discovery was made, the blouse was in the possession of the police, as was noted on the police report. Defendant was provided a copy of the police report, but he claims that the copy was so blurred that the existence of the blouse was unascertainable.

The trial court denied the motion to suppress, noting that this physical evidence did not fall within any of the categories of items and information required to be disclosed under Rule 16. The court further noted that defendant's motion was not timely under District Court Rule 3.5, which requires motions to suppress to be made not less than five days in advance of trial. The court observed that defendant should have been aware that the blouse had been delivered to the police, since the police report made reference to it, and should have known that the blouse would be introduced as evidence because the complaining witness testified at the preliminary hearing that her blouse had been cut. Finally, the court ruled that defendant's rights to due process and a fair trial would not be violated by introduction of the blouse as evidence.

After the court denied the motion to suppress, defendant's counsel proposed that an experiment be conducted outside the presence of the jury, whereby the knife would be used to cut the blouse tie again to see if it made the same kind of cut. Defendant was unwilling to do this experiment in front of the jury. The court denied this motion to experiment on the ground that the existence of two cuts on the tie without any explanation to the jury would be prejudicial to defendant.

■ On appeal, defendant raises as a single issue that he was denied his constitutional right to the effective assistance of counsel. In challenging a conviction on the ground of ineffective assistance of counsel, it is the defendant's burden to show: (1) that his counsel rendered a deficient performance in some demonstrable manner, and (2) that the outcome of the trial would probably have been different but for counsel's error.[1] Failure to make the required showing of either deficient performance on the part of counsel or of sufficient prejudice as a result of counsel's error defeats the ineffectiveness claim.[2]

In this case, defendant fails the second test of showing prejudice.

In arguing that counsel's lack of investigation was prejudicial to him, defendant argues that the proposed experiment of cutting the tie on the blouse should have been performed prior to trial. He contends that if the experiment had been performed prior to trial, the result of the test would have forced a plea bargain with the prosecutor, whether it showed that the knife owned by defendant made the same kind of cut or not. In so arguing, defendant assumes that the trial court's ruling on his proposal to tamper with the evidence would have been different had the proposal been made before trial, an assumption with which we would quarrel.

In addition, he loses sight of the fact that our state and federal constitutions guarantee fair trials, not plea bargains. As stated by the Court in *Strickland, supra* note 1:

> The governing legal standard plays a critical role in defining the question to be asked in assessing the prejudice from counsel's error. When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.

104 S.Ct. at 2069.

■ The question posed in this case is not whether the "outcome of the trial" would have been different had defense

---

1. *Codianna v. Morris,* Utah, 660 P.2d 1101 (1983). *See also United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

2. *See Strickland, supra* note 1, at 104 S.Ct. 2071.

counsel entered into a plea bargain with the prosecutor. The question posed in this case is whether information, evidence, or a defense which would cast a reasonable doubt of defendant's guilt was available, but was not revealed due to counsel's lack of investigation of the case. Defendant makes no attempt to show that such information, evidence, or defense was available.

We are not persuaded that defendant's appointed counsel was ineffective. Even assuming, however, that with a more thorough investigation defendant might have been prepared for the introduction of this evidence, we are unable to see how such knowledge might have affected the outcome of the trial by casting a reasonable doubt respecting guilt.

Affirmed.