**158**

**D AND H REAL ESTATE COMPANY, dba D and H Trucking, Petitioner,**

v.

**The PUBLIC SERVICE COMMISSION OF the STATE OF UTAH; Division of Public Utilities, Department of Business Regulation, State of Utah, Respondents.**

No. 890036.

Supreme Court of Utah.

Dec. 14, 1989.

Lon Rodney Kump, Salt Lake City, for petitioner.

David L. Stott, Salt Lake City, for Public Service Com'n.

R. Paul Van Dam, Bernard M. Tanner, and James L. Barker, Salt Lake City, for the State.

HALL, Chief Justice:

Petitioner seeks review of an order of the Public Service Commission ("Commission") which dismissed its application for authority to act as a contract motor carrier.

Petitioner's application sought authority to transport general commodities between all points in the state of Utah under contract with Trans–West Shippers Association ("Association"). The Division of Public Utilities ("Division") filed objections to the granting of the application contending that the Association was not a shipper in the traditional sense, but was in reality a broker, and that the practical effect of the application was to establish open-ended contract authority, more akin to common carrier authority, which would prejudice existing common carriers due to their inability to compete on similar terms.

The matter was set for hearing, at which time petitioner filed proof of service of its notice of application. The notice did not specify the nature and scope of the Association, and following argument on that subject, the administrative law judge concluded that the Association potentially included every citizen and other legal entity in Utah. He further concluded that since the notice of application had not made this disclosure, sufficient notice had not been given of the scope of petitioner's application. Hence, he ordered republication. Petitioner objected and indicated that it did not intend to republish notice, whereupon the Division moved to dismiss the application.

In an order approved and confirmed by the Commission, petitioner was afforded the election to republish notice within ten days or to suffer dismissal of the application. The new notice was to specify that the Association potentially included every citizen and commercial enterprise in Utah, and if it was petitioner's intention to solicit the membership of the Association for shipments of commodities, then that fact was

also to be disclosed. In addition, the new notice was to be served upon all general commodities and household goods common carriers having statewide authority.

In its order denying rehearing, the Commission observed the essence of petitioner's contentions to be that in the absence of any protests and in the face of its ability to provide the service, the Commission was duty-bound to summarily grant the application. However, the Commission viewed the facts differently and concluded that petitioner's contentions ignored the Commission's over-all duty to act only in the public interest. In so doing, the Commission made specific findings of fact that the Association is composed of numerous shipper members, that petitioner intended to solicit shipment of commodities from all of the Association members, and that these facts were not disclosed by the published notice. The Commission further found that the application was more in the nature of open-ended contract authority than the traditional contract authority involving only one carrier and only one shipper, from which finding it concluded that petitioner's application raised a substantial question of public interest that needed to be addressed at a full hearing after appropriate notice was given to all parties having a potential interest.

Petitioner elected not to republish notice and instead sought this review, contending that (1) the Commission acted arbitrarily and capriciously and its order encouraged the filing of protests, and (2) the dismissal of its application was contrary to law. As to petitioner's initial claim, we conclude that the Commission acted well within its authority and responsibility.[1]

■ Utah Code Ann. § 54–6–31(5) (1986) requires that the Commission cause notice of hearings to be served by the applicant on "every common and contract carrier that is operating, or has applied for a permit to operate, in the area and service proposed to be served by the applicant, and on other interested parties as determined by the commission." In addition, subsec-

tion (6) thereof requires that "[t]he applicant shall make known the entire scope of its application."

In this case, the facts before the Commission provided a clear basis for its findings. Thus, the Commission appropriately performed its statutorily imposed duty by requiring republication of notice sufficient to reflect the actual scope of petitioner's application, which was to seek exceptionally broad and far-reaching contract authority, as distinguished from traditional contract authority limited to one carrier and one shipper.

As was stated in *Mountain States Legal Foundation v. Public Service Commission:* [2]

> To enable this Court to determine whether an order is arbitrary and capricious, the Commission must make findings of fact that are sufficiently detailed to apprise the parties and the Court of the basis for the Commission's decision....
>
> For this Court to sustain an order, the findings must be sufficiently detailed to demonstrate that the Commission has properly arrived at the ultimate factual findings and has properly applied the governing rules of law to those findings. Ultimate findings ... must be sustained if there are adequate subordinate findings to support them, and there is substantial evidence to support the findings.

Here, the findings of the Commission meet the foregoing standard, and they are therefore sustained.

■ Petitioner's contention that the Commission acted contrary to law is also without merit. Petitioner essentially claims that because its application was supported by proper attachments, it should have been granted temporary authority and an opportunity to put on supporting evidence. However, since the Commission ruled that the application was procedurally defective by reason of a lack of adequate notice, a hearing on the merits would have been premature. Before granting any tem-

1. *See generally* Utah Code Ann. §§ 54–6–1 to –50 (1986 & Cum.Supp.1989) (motor carrier act).

2. 636 P.2d 1047, 1051–52 (Utah 1981) (citations omitted).

porary or permanent authority, the Commission has the responsibility to determine that the application is in the public interest and that those who may desire to protest the granting of such authority have a fair and reasonable opportunity to do so.[3]

Petitioner also cites cases in support of the proposition that existing competition is not a proper basis for the denial of an application.[4] However, existing competition is not an issue to be addressed due to the procedural posture of this case. Rather, competition is an issue that would only be pertinent if and when this matter is heard on its merits.

**3.** *See supra* note 1.

**4.** *See Spreader Specialties, Inc. v. Public Service Comm'n,* 738 P.2d 1043 (Utah 1987); *Milne*

Petitioner's other contentions are also without merit. The order of the Commission is affirmed.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

*Truck Lines, Inc. v. Public Service Comm'n,* 720 P.2d 1373 (Utah 1986); *Big K Corp. v. Public Service Comm'n,* 689 P.2d 1349 (Utah 1984).