STATE of Utah, Plaintiff and Respondent,

v.

Steven M. JOHNS, Defendant and Appellant.

No. 16218.

Supreme Court of Utah.

July 31, 1980.

---

5. U.C.A., 1953, 57–3–2.

Phil L. Hansen of Hansen & Hansen, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig Barlow, Asst. Atty. Gen., Salt Lake City, Ronald B. Boutwell, former Carbon County Atty., Price, for plaintiff and respondent.

MAUGHAN, Justice:

The defendant appeals his conviction for aggravated kidnapping and aggravated sexual assault on the basis of the District Court's exclusion of evidence concerning the prosecutrix's prior sexual promiscuity. We affirm the jury verdict and the judgment. All statutory references are to Utah Code Annotated, 1953, as amended.

In the early evening of October 12, 1977, the defendant, Steven M. Johns, hereinafter "Johns," and a female friend, Joyce Johnson, hereinafter "Johnson," arrived at the Mountaineer Club in Wellington, Utah.

They had been drinking earlier in the day and continued to consume alcoholic beverages at the Mountaineer Club until Johns left the bar and passed out under a nearby tree. Upon realizing her companion was no longer in the bar and discovering he was asleep outside, Johnson asked the prosecutrix if she would drive the two to Johnson's home in Woodside, Utah. The prosecutrix agreed she would and after purchasing another case of beer the three set out for Woodside in the prosecutrix's truck.

After arriving at Woodside and Johnson's home, the defendant encountered some resistance from Johnson's mother to his original plan to stay overnight at her house and requested a ride back to Wellington with the prosecutrix. The prosecutrix acquiesced and the pair left for Wellington.

Shortly thereafter while enroute to Wellington, the defendant slid over and placed his arm around the prosecutrix. The prosecutrix pushed Johns away and declared her ex-husband would kill him for less. According to the testimony of the prosecutrix, the defendant then produced a large knife with a blade approximately 8-inches in length and while placing it at her throat demanded she stop the pickup. The prosecutrix replied she needed to find a better place to pull off the road but the defendant increased the pressure of the knife on her throat and demanded she pull over immediately. After the prosecutrix stopped the pickup, the two changed places in the cab of the truck and while still wielding the knife, the defendant demanded the prosecutrix take off her clothes. When the prosecutrix asked the defendant to put the knife away he threateningly told her to get her clothes off and not say another word.

After she had removed her clothing the pair proceeded towards Wellington. The prosecutrix testified that while the defendant was driving he repeatedly touched her and made vulgar inquiries into her past sexual activities. The prosecutrix explained that during this time she remonstrated with the defendant regarding why he was doing this to her.

Upon reaching the outskirts of Wellington, the defendant turned the pickup around and proceeded to an isolated canyon nearby. Once the truck was stopped the defendant relented, and at the prosecutrix's request put the knife away. However, the prosecutrix testified she had no idea throughout the remaining episode where the knife was or what the defendant had done with it. Later, the defendant moved over to the prosecutrix and according to her testimony forced her to perform fellatio and coition.

The prosecutrix testified that when he made her straddle him and initiate coition, the defendant asked her why she was shaking and whether she was afraid and told her she had reason to be afraid. She further testified he repeatedly told her it would be all over for her and that he had a perfect place for her up in Indian Canyon where she wouldn't have to worry any more. Thus, she explained she thought she was going to be killed.

Following approximately 3 hours of intermittent sexual activity, the pair got dressed and proceeded through Wellington to Price, Utah, where the defendant wanted to pick up his dog before driving the prosecutrix to Indian Canyon. While driving through Price, the defendant stopped the truck at an all-night store in response to the prosecutrix's request for a soft drink. Once inside the store, the prosecutrix informed the saleslady she had been raped and asked her to phone the police.

The saleslady testified the prosecutrix appeared emotionally distraught when she first entered the store and broke down completely and began to cry when the police arrived.

Upon the arrival of the police the defendant avoided initial apprehension by driving the prosecutrix's truck over the service median and between the approaching police car and a stationary gas pump. The subsequent chase, although initially unsuccessful, resulted in the arrest of defendant who was found hiding in a ditch along the highway with his coat over his head.

The prosecutrix was later taken to the hospital where an examination revealed numerous contusions upon her thorax, especially in the area of her breasts, where one of her nipples was bleeding. Along with these injuries the prosecutrix had a small cut on her neck and several abrasions in and around the vaginal area. Throughout the entire period of the examination, and the subsequent interrogation by the police afterwards the prosecutrix appeared emotionally upset.

At a pretrial hearing in the Trial Judge's chambers the prosecution made a motion in limine requesting the trial court restrict the introduction at trial of evidence concerning the prosecutrix's prior sexual activity. The trial judge granted the motion and initially limited such evidence to the general reputation of the prosecutrix in the community. Subsequently, however, during the trial, the court amended its original restriction and allowed the defendant to question the prosecutrix concerning prior acts of sodomy.

After the presentation of the evidence at trial the jury found the defendant guilty of aggravated kidnapping in violation of 76–5–302(1)(b), and aggravated sexual assault in relation to the rape and sodomy, in violation of 76–5–405(1)(a)(ii). The defendant appeals the jury verdict and conviction on the basis of the trial court's limitation on the introduction of evidence concerning the prosecutrix's sexual predilections and prior sexual activity.

The defendant avers the trial court's granting of the motion in limine restricting the introduction of evidence constituted reversible error. He also contends the limitation thus imposed upon his cross-examination of the prosecutrix represents a deprivation of his constitutional right to confront his accuser.

■ We find no merit in these claims advanced by the defendant. The admissibility of evidence of prior sexual behavior should be determined by the trial judge upon consideration of various factors, including: (a) relevancy and probative value; (b) prejudicial effect; (c) confusion of the issues and undue consumption of time; and (d) substantial justice.[1]

■ Irrelevant evidence is that which has no legal tendency to establish any material proposition.[2] Thus, the appropriate test of the relevancy of such evidence is whether the proffered evidence would render the desired inference more probable then it would be without such evidence.

■ In a rape case where the issue of consent is not raised, the substantive use of evidence of prior sexual promiscuity is obviously improper because it is irrelevant and serves only to inflame the minds of the jurors.[3] Similarly, in cases involving forcible rape or aggravated sexual assault, the fact a woman has consented to sexual activity in the past under different circumstances and with individuals other than the defendant has little if any relevancy to the question of her consent in the situation involved here.[4]

However, while concluding that prior sexual promiscuity has no relevancy in some rape cases, notwithstanding the existence of the problematic issue of consent, there are some cases in which the reputation of the prosecutrix and in which specific prior sexual activity may become relevant and its probative value outweigh the detrimental

---

1. Rule 45, Utah Rules of Evidence; see also *State v. Blum*, 17 Wash.App. 37, 561 P.2d 226 (1977).

2. *State v. Ball*, Iowa, 262 N.W.2d 278, 279 (1978).

3. *State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 545 P.2d 946, (1976).

4. *United States v. Kasto*, 584 F.2d 268 (8th Cir. 1978); see also *State ex rel. Pope v. Superior Court*, id., 545 P.2d at 952 ("The fact that a woman consented to sexual intercourse on one occasion is not substantial evidence that she consented on another, . . ."); *State v. Green*, W.Va., 260 S.E.2d 257, 264 (1979).

**1264**

impact of its introduction.[5] This is not one of those cases.

■ While the balancing of the probative value of the evidence and its detrimental effect is entrusted to the discretion of the trial judge [6] in the usual case such evidence, either of general reputation or specific prior acts, is simply not relevant to any issue in the rape prosecution including the consent of the prosecutrix. Such evidence is admissible only when the court finds under the circumstances of the particular case such evidence is relevant to a material factual dispute and its probative value outweighs the inherent danger of unfair prejudice to the prosecutrix, confusion of issues, unwarranted invasion of the complainant's privacy, considerations of undue delay and time waste and the needless presentation of cumulative evidence.[7]

■ However, absent circumstances which enhance its probative value, evidence of a rape victim's sexual promiscuity, whether in the form of testimony concerning her general reputation or testimony concerning specific acts with persons other than defendant is ordinarily insufficiently probative to outweigh the highly prejudicial effect of its introduction at trial.[8]

■ The circumstances of the present case support the restrictions the trial judge imposed upon the introduction of the prosecutrix's prior sexual activity. The prosecutrix did not know the defendant prior to the incident in question and had no prior social contact with him. The defendant admitted he drew a knife, although denying he put it to the prosecutrix's throat, and admitted the commission of sodomy and sexual intercourse. Under these circumstances, specific evidence of the prosecutrix's prior sexual activity is not relevant to the issue of her consent or any other material issue. Therefore, the trial judge did not abuse his discretion in limiting the introduction of such evidence. As explained, under similar circumstances, in *State v. Geer*: [9]

"He (the defendant) intimidated her (the prosecutrix) by producing a hunting knife and he physically forced himself upon her. Under such circumstances it can hardly be said that her ultimate submission was consensual. There is nothing about the victim's past conduct with other men which would have any bearing whatsoever on this conclusion."

■ Concerning the defendant's contention the limitation of cross-examination of the prosecutrix denied his constitutional right of confrontation, the Sixth Amendment right to confrontation requires only that the accused be permitted to introduce all relevant and admissible evidence.[10] Because the law does not and should not recognize any connection between the veracity of a witness and her sexual promiscuity,[11] the proposed evidence has no relevancy in regard to the truthfulness of her testimony and, therefore, since we have previously recognized its lack of relevancy to the issue of consent, its exclusion deprived the defendant of no constitutional right. The other issues raised by the defendant are equally without merit and the judgment is affirmed.

CROCKETT, C. J., and HALL, WILKINS and STEWART, JJ., concur.

---

5. See *State v. Howard*, Utah, 544 P.2d 466, 469 (1975); see also Rule 49, U.R.E.; see generally 94 A.L.R.3d 257.

6. See Rule 45, Utah Rules of Evidence.

7. See *State v. Ball*, supra note 2, at 281; as the Court explained in *State v. Geer*, 13 Wash.App. 71, 533 P.2d 389 (1975); "Its (evidence of prior promiscuity) use could easily discourage prosecutions for rape; it is distracting, and it may so prejudice the jury that it would acquit even in the face of overwhelming evidence of guilt." 533 P.2d at 391.

8. *United States v. Kasto*, supra note 4, at 271–272; see also *United States v. Merrival*, 600 F.2d 717 (8th Cir. 1979).

9. *State v. Geer*, supra note 7, 533 P.2d at 391–392. (Citations omitted)

10. *United States v. Kasto*, supra note 4, at 272.

11. *State ex rel. Pope v. Superior Court*, supra note 3, 545 P.2d at 950; see also *State v. Corn*, 223 Kan. 583, 575 P.2d 1308 (1978).