Hillsborough
No. 80-033

THE STATE OF NEW HAMPSHIRE

v.

FRANK HOWARD

February 23, 1981

54

*Gregory H. Smith*, acting attorney general (*Brian T. Tucker*, attorney, orally), for the State.

*Holland & Aivalikles*, of Nashua (*Francis G. Holland* orally), for the defendant.

BROCK, J. This is a statutory rape case in which the defendant is charged with having had sexual relations with a girl under the age of thirteen in violation of RSA 632-A:2 XI (Supp. 1979), a class A felony. Certain evidentiary questions pertaining to the rape shield law, RSA 632-A:6 (Supp. 1979), were raised prior to trial and the Superior Court (*Goode*, J.) transferred four questions of law to this court.

Prior to trial, the State filed a motion *in limine* to limit any testimony regarding the prosecutrix's prior consensual sexual activity in accordance with RSA 632-A:6 (Supp. 1979), the rape shield statute. Defense counsel objected to the motion, and upon hearing made several offers of proof concerning matters the defendant wished to have admitted into evidence. It is alleged that this testimony would show the following:

> "[T]he prosecutrix was seen 'masturbating a bull;' that the alleged victim's stepmother is her stepsister; that the prosecutrix undressed young boys to expose them and play with them while babysitting; that the prosecutrix had sex with her father and grandfather, the latter in exchange for money; that the prosecutrix lived with a man not her husband in an apartment; that the Defendant 'was the only man who had befriended the complainant in a non-sexual way;' that a Nashua police report contains allegations of sexual contact between the prosecutrix and the Edwards brothers; that the prosecutrix would engage in sexual activities with others while being shown on closed circuit television; that at a probable cause hearing for the Edwards brothers the prosecutrix refused to appear and press charges; and that the prosecutrix has undergone psychiatric counseling."

Because significant issues involving due process and the right of the defendant to confront the witnesses against him, U.S. CONST. amends. I, VI and XIV; N.H. CONST. pt. I, art. 15, were raised, the superior court transferred the following questions of law:

> "A. Do the provisions of RSA 632-A:6 violate Article 5 or Article 6 of the United States Constitution and/or Part I, Article 15 of the New Hampshire Constitution?
>
> B. Whether a court may, in camera, prior to trial upon motion presented by either the defendant or the

State on presentation of evidence determine, in its discretion, and subject to such protective orders such as closing the courtroom as the court deems appropriate permit a defendant at the time of trial to offer evidence, witness and/or cross examine the alleged 'victim' concerning prior sexual activities or conduct when the court finds that such evidence reasonably bears upon the witnesses' potential credibility, mental condition, veracity and/or motive; and/or that such testimony, in the discretion of the court, may have a reasonable bearing upon the proper deliberation process of the jury and will aid and assist the jury in reaching its verdict because of the facts of the specific case; and/or the court finds that such evidence may significantly affect a defendant's right to due process and to effectively confront his accusers so as to necessitate the introduction of such evidence given reasonable protective orders.

C. Whether the provisions of RSA 632-A:6 do not apply when a defendant raises the specific issue of the mental condition or stability of the 'victim' so that the court upon motion made by state or defendant, prior to trial following the presentation of evidence and such offers of proof as may be appropriate, the court determines that such evidence of prior sexual activity reasonably bears upon the victim's mental state so as to be relevant to a determination by the jury of the victim's credibility and/or motive so as to be of reasonable assistance to the jury in reaching the determination as to the guilt or innocence of the defendant.

D. To determine the interpretation of RSA 632-A:6 as to whether;
 (1) The statute only applies to prior consensual sexual activity of an adult with another adult.
 (2) Whether the provisions apply only to prior sexual conduct with persons and not to animals or inanimate objects;
 (3) Whether the statute applies to consensual sexual activity subsequent to the alleged activity in question."

The first question requires that we consider the constitutionality of the following provision of RSA 632-A:6 (Supp. 1979): "[p]rior consensual sexual activity between the victim and any person other than the [defendant] shall not be admitted into evidence in any prosecution under this chapter [RSA ch. 632-A (Supp. 1979)]." In determining the statute's constitutionality, we must bear in mind that "[i]t is a basic principle of statutory construction that a legislative enactment will be construed to avoid conflict with constitutional rights wherever reasonably possible." *State v. Smagula*, 117 N.H. 663, 666, 377 A.2d 608, 610 (1977).

██ In construing this statute, we remain mindful of the legislative intent of the statute which obviously is to protect the victims of rape from being subjected to unnecessary embarrassment, prejudice and courtroom procedures that only serve to exacerbate the trauma of the rape itself. Indeed, when this statute was being considered in the New Hampshire Senate, Senator Bradley of the Committee on Judiciary stated that the statute was generally designed to address the situation of "women who are the victims of rape [being] subjected to unfair cross-examination and, in general, an unfair procedure." N.H.S. JOUR. 480 (1975). Such a concern for the victims of rape is proper, and the courts do have the responsibility to protect the rape victim from questions not within the proper bounds of cross-examination and which are designed only to harass, annoy or humiliate. *See Davis v. Alaska*, 415 U.S. 308, 316 (1974); *Alford v. United States*, 282 U.S. 687, 694 (1931); *State v. Davis*, 269 N.W.2d 434, 438 (Iowa 1978); 1 ABA STANDARDS FOR CRIMINAL JUSTICE, standard 6-2.2 (2d ed. 1980).

Because forty-six jurisdictions and the United States have adopted some form of rape shield statute, Tanford & Bocchino, *Rape Victim Shield Laws and the Sixth Amendment*, 128 U. PA. L. REV. 544, 544 (1980), it is apparent that there has been a nationwide inquiry into the procedures historically utilized in rape trials and that practically all legislative bodies in this country have found them to need revision in order to afford some protection to the victim. The legislative responses have, however, taken various forms. At least thirty jurisdictions have adopted rape shield statutes that limit the admissibility of the victim's sexual history but afford the defendant a pretrial or an *in camera* hearing so that the admissibility of such evidence can be determined by the trial court on a case-by-case basis. Tanford & Bocchino, *supra* at 577 n.156 and statutes cited in appendix at 597–602. New Hampshire's statute, in contrast, purports to prohibit

*completely* the introduction of the victim's consensual sexual activity with persons other than the defendant. RSA 632-A:6 (Supp. 1979). Indeed, our statute has been recognized as being one of the most restrictive statutes in this area. *Id.* at 581–82 n.179. *See also* Berger, *Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom,* 77 COLUM. L. REV. 1, 33 n.203 (1977). So total an exclusion of evidence, however, raises serious constitutional questions. *See* Tanford & Bocchino, *supra* at 577–83. The State acknowledges, in its brief, "that a legislative prohibition of a certain class of evidence, even for the purpose of preventing a witness from suffering embarrassment on the stand, should not limit the Sixth Amendment right of a defendant to confront the witness against him."

 Part I, article 15 of the New Hampshire Constitution provides that every criminal defendant "shall have a right to produce all proofs that may be favorable to himself; to meet the witnesses against him face to face, and to be fully heard in his defense. . . ." Under the Sixth Amendment to the United States Constitution, an accused has the right "to be confronted with the witnesses against him," and this encompasses "the right of cross-examination." *Davis v. Alaska,* 415 U.S. 308, 315 (1973). The constitutional right to confront adverse witnesses is fundamental and of such importance that the State's interest in protecting a certain class of witnesses from embarrassment "must fall before the right of [the accused] to seek out the truth in the process of defending himself." *Id.* at 320. In seeking out the truth and defending himself, the defendant must be afforded the right to present evidence and cross-examine witnesses in an effort to impeach or discredit their credibility, and to reveal possible "biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand." *See Davis v. Alaska, supra* at 316. Strictly construed, our State rape shield statute precludes an accused from making any showing that the victim's prior sexual activity has a bearing on any of these factors. "[T]here are some [rape] cases in which the reputation of the prosecutrix and in which specific prior sexual activity may become relevant and its probative value outweigh[s] the detrimental impact of its introduction." *State v. Johns,* 615 P.2d 1260, 1263–64 (Utah 1980). For the foregoing reasons, and in order to uphold the constitutionality of RSA 632-A:6 (Supp. 1979), we hold that a defendant in a prosecution under RSA ch. 632-A (Supp. 1979) must, upon motion, be given an opportunity to demonstrate that due process requires the admission of such evidence because the

probative value in the context of that particular case outweighs its prejudicial effect on the prosecutrix. Such motions should, of course, be made out of the presence of the jury. *State v. Johns supra; cf.* FED. R. EVID. 412.

■ Because we so construe the statute, we hold that it is constitutional and answer question A "no". The procedure to be employed by the trial court in such situations is more fully described in our discussion of the next question.

We next consider the first portion of question B, which involves the propriety of the trial court determining the admissibility of prior sexual history evidence in advance of trial. In *State v. Staples*, 120 N.H. 278, 285, 415 A.2d 320, 324 (1980), we stated that such pretrial procedures are "well suited to cases involving the use of prior convictions because of the prejudice inherent in them." While our concern in *Staples* was the possible undue prejudice that might arise against the defendant, we are here more concerned with undue prejudice that might arise against the prosecutrix. As we have stated above, the courts have a responsibility to protect the victim from questions not within the proper bounds of cross-examination and which are designed only to harass, annoy or humiliate. *See, e.g., Alford v. United States*, 282 U.S. 687, 694 (1931); *State v. Davis*, 269 N.W.2d 434, 438 (Iowa 1978); 1 ABA STANDARDS FOR CRIMINAL JUSTICE, standards 6-2.2, 6-2.3 (2d ed. 1980).

■ It has also been recognized that a person's consensual sexual activity is a right of personal privacy which is afforded a measure of protection under the United States Constitution. *See Roe v. Wade*, 410 U.S. 113, 152-53 (1973). It is unclear, however, how much protection the Federal Constitution affords to such activity. *Goodrow v. Perrin*, 119 N.H. 483, 486, 403 A.2d 864, 866 (1979). Nevertheless, it has been suggested that the rape victim's right to sexual privacy should not be overlooked by the courts. Berger, *Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom*, 77 COLUM. L. REV. 1, 41-45 (1977). We recognize such a right in this State, at least to the extent that hearings held on the admissibility of the *victim's* prior sexual activity may, upon request of the victim and in the exercise of sound discretion by the trial justice, be closed to those not party to the proceeding. Such pretrial procedures enable the court to balance and safeguard the rights of all the parties as applied to the facts of a particular case and avoid unnecessary prejudice to either the victim or the accused. *See State v. Staples*, 120 N.H. 278, 285, 415 A.2d 320, 324 (1980).

The second part of question B requires that we comment upon the factors which the trial court should consider in determining the admissibility of evidence of prior sexual activity in the context of this particular case.

This case involves statutory rape, RSA 632-A:2 XI (Supp. 1979). Consent, in the legal sense, therefore, is not an issue, *see Goodrow v. Perrin*, 119 N.H. 483, 489, 403 A.2d 864, 868 (1979), and at trial the jury would be so instructed. The defendant concedes this point but argues that evidence of the prosecutrix's prior sexual activity is relevant for the purpose of attacking her credibility. He claims that denying him the opportunity to cross-examine the prosecutrix on such activity would impinge upon his rights to due process and his right to effectively confront the accusatory witness. The clear weight of authority elsewhere is that evidence of specific acts of sexual activity with someone other than the defendant is generally not admissible to attack the victim's credibility. *E.g., State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 26, 545 P.2d 946, 950 (1976); *State v. Davis*, 269 N.W.2d 434, 439 (Iowa 1978); *Commonwealth v. Gardner*, 350 Mass. 664, 668, 216 N.E.2d 558, 561 (1966); *State v. Banks*, 295 N.C. 399, 409, 245 S.E.2d 743, 750 (1978); *State v. Johns*, 615 P.2d 1260, 1264 (Utah 1980); Annot. 90 A.L.R.3d 1300, 1303 (1979).

In this State, the law has long been that evidence of specific acts of unchastity between the victim and persons other than the defendant are not admissible. *State v. Lemire*, 115 N.H. 526, 532, 345 A.2d 906, 911 (1975); *State v. Forshner*, 43 N.H. 89 (1861). Indeed, the old concept of equating a woman's promiscuity with lack of credibility is seriously outdated and is no longer, if it ever truly was, deserving of respect by the courts. *See* Berger, *Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom*, 77 COLUM. L. REV. 1, 55–57 (1977); Tanford & Bocchino, *Rape Shield Laws and the Sixth Amendment*, 128 U. PA. L. REV. 544, 549–51 (1980).

■ Whether a male or female is involved, we recognize that the nexus between a witness' ability to tell the truth and normal sexual activity is sufficiently attenuated that we follow the rule that specific evidence of such activity will not ordinarily be admissible. *See State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 26, 545 P.2d 946, 950 (1976); *Commonwealth v. Joyce*, 415 N.E.2d 181, 185 (Mass. 1981). However, as we have stated previously, the automatic and total exclusion of such evidence in all rape cases is likewise improper because it might, in a particular case, preempt the defendant's right to confront the witness against him. Upon a

showing of particular relevance by the defendant, the admission of such evidence may be proper. "[T]here are some cases in which the reputation of the prosecutrix and in which specific prior sexual activity may become relevant and its probative value outweigh[s] the detrimental impact of its introduction." *State v. Johns*, 615 P.2d 1260, 1263–64 (Utah 1980). *Accord, Commonwealth v. Joyce supra*. This is such a case.

We believe that the average juror would perceive the average twelve-year-old girl as a sexual innocent. Therefore, it is probable that jurors would believe that the sexual experience she describes must have occurred in connection with the incident being prosecuted; otherwise, she could not have described it. However, if statutory rape victims have had other sexual experiences, it would be possible for them to provide detailed, realistic testimony concerning an incident that may never have happened. To preclude a defendant from presenting such evidence to the jury, if it is otherwise admissible, would be obvious error. Accordingly, a defendant must be afforded the opportunity to show, by specific incidents of sexual conduct, that the prosecutrix has the experience and ability to contrive a statutory rape charge against him.

It is also claimed that the prosecutrix in this case has lived in a decadent sexual environment and that due to this environment she has suffered certain psychiatric trauma. It is alleged that the environment was so abnormal that the prosecutrix has never been truly assimilated into normal society. If true, these allegations could raise questions as to whether she places any value on the telling of the truth or other values one would normally expect of a twelve-year-old child when placed in the impressive surroundings of a courtroom. Moreover, it may also be contended that a person with the prior experience which the offer of proof made by defense counsel in this case reveals would not be likely to complain about non-coerced intercourse with anyone. Questions may be raised as to why the complaint was brought in this case. At trial, it could be argued that the complaint is not true and that it was motivated by ill will toward the defendant. We hold therefore that testimony concerning the environment in which this girl has lived may, in the discretion of the trial judge, be found relevant and admissible in this case provided, of course, that its admission is not otherwise barred by other rules of evidence. In the exercise of its sound discretion, the trial court should be mindful of the important policy considerations underlying the rape

shield statute. It should limit the admission of evidence of specific instances of the complainant's sexual conduct to the extent that is possible without unduly infringing upon the defendant's constitutional right to confrontation. *Commonwealth v. Joyce*, 415 N.E.2d 181, 188 (Mass. 1981). This holding renders the remaining questions transferred moot.

*Remanded.*

All concurred.