Strafford
No. 80-436

## THE STATE OF NEW HAMPSHIRE

v.

## VICTOR G. WONYETYE, JR.

January 20, 1982

*Gregory H. Smith*, attorney general (*Paul W. Hodes*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, by brief and orally, for the defendant.

BROCK, J. The defendant, Victor G. Wonyetye, Jr., was tried before a jury in the Strafford County Superior Court (*Goode*, J.) on May 15, 1979, on a charge that he had engaged in the sexual penetration of his thirteen-year-old stepdaughter, a class A felony under RSA 632-A:2 X (Supp. 1979). A guilty verdict was returned, and the trial court sentenced the defendant to a term of seven-and-one-half to fifteen years in the State prison.

Following his conviction, an unfortunate chain of events occurred that resulted in a failure of an appeal being filed in this court. The defendant filed a number of pro se motions in other courts, but no action was taken until the defendant wrote a letter to the clerk of this court on June 30, 1980. He was referred to the appellate defender, who, in the defendant's behalf, filed a motion in this court for a late appeal. We granted that motion, and the matter is now properly before us.

The sole issue on this appeal arises from the trial court's ruling that defense counsel could not cross-examine the prosecutrix or her mother regarding a false statement allegedly made by the prosecutrix concerning prior sexual activities with her boyfriend. The defendant claims that his cross-examination would have elicited evidence impeaching the prosecutrix's credibility, and that our

holdings in *State v. Howard*, 121 N.H. 53, 58, 426 A.2d 457, 460 (1981) and *State v. LaClair*, 121 N.H. 743, 745, 433 A.2d 1326, 1328 (1981) require such evidence to be admitted. His theory is that the anticipated testimony would show a history of false charges made by the prosecutrix. With respect to defense counsel's efforts to cross-examine the mother on this matter, he overlooks the fact that it was the mother who, after witnessing the act, obtaining a confession from the defendant, and consulting with an attorney, brought the charges in this case. Clearly such evidence could not be used to impeach the credibility of the mother.

When the defendant first attempted to elicit testimony concerning the alleged false charge, the prosecutrix's mother was on the witness stand, and the prosecutrix had not yet testified. At that point, the prosecutrix's credibility had not yet become relevant because the mother was testifying from first-hand observation and not on the basis of statements made by her daughter. When the defendant attempted to question the mother concerning the prosecutrix's alleged false statements concerning sexual activities with her boyfriend, the State objected on the ground of hearsay. In response to that objection the court ruled:

> "At this stage of the record, Mr. Newman, I would sustain the State's objection without prejudice, however, to you raising this issue again at a more appropriate time in this trial."

Once the prosecutrix testified, defense counsel attempted to question her directly about any prior allegations of sexual intercourse that she may have made. At that point, the State objected and the court sustained the objection, referring to RSA 632-A:6 (Supp. 1979). No exception to this ruling was taken by the defendant and, therefore, the issue has not been properly preserved for appeal. *State v. Fecteau*, 121 N.H. 1003, 437 A.2d 294 (1981).

While we will apply *Howard* retroactively, we will do so only when the issue raised therein has been properly raised in the trial court and preserved for appeal. *State v. LaClair*, 121 N.H. 743, 745, 433 A.2d 1326, 1328 (1981).

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.