Dale BUTTERFIELD, Petitioner and Appellant,

v.

Gerald L. COOK, Warden, and his successors, Utah State Prison, Respondent and Appellee.

No. 910130–CA.

Court of Appeals of Utah.

Aug. 2, 1991.

Certiorari Denied Nov. 12, 1991.

Jimi Mitsunaga (argued) and Walker E. Anderson, Salt Lake City, for petitioner-appellant.

R. Paul Van Dam, State Atty. Gen. and Kirk Torgensen, Asst. Atty. Gen., Governmental Affairs, Salt Lake City, for respondent-appellee.

Before BILLINGS, ORME and RUSSON, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

Petitioner Butterfield appeals from the trial court's denial of his writ of habeas corpus. Petitioner was convicted of first degree rape, and on direct appeal the Utah Supreme Court affirmed his conviction. Petitioner filed a writ of habeas corpus in the third district court claiming he was denied effective assistance of counsel on his direct appeal. The district judge, after

an evidentiary hearing, denied the petition. On appeal, petitioner requests this court to reverse the order denying his petition for writ of habeas corpus, to examine the issues he raises on their merits or in the alternative to remand for a new trial. We affirm the denial of petitioner's writ of habeas corpus.

## FACTS

Petitioner was convicted of raping his daughter's friend on a weekend trip to Heber. At trial, the principal witnesses to testify against Butterfield were the complainant, age fourteen, and Arlene Connolly at whose house they were staying. Connolly testified she was awakened by the complainant's protests. She noted petitioner's unusual appearance and behavior and described what appeared to be blood, oil, and seminal fluid on the complainant and her clothing. The complainant testified that petitioner had forced her to have sexual intercourse. Due to the complainant's age and the nature of her testimony, the trial judge ordered the courtroom cleared and the trial closed.

At trial, petitioner denied having intercourse with the complainant. He claimed he had sent her to bed after she had taken her medication and accidentally spilled some cooking oil. Tests performed on portions of the complainant's clothing were negative for blood or seminal fluid. The examining physician found no evidence of blood or seminal fluid, but noted other conditions consistent with sexual trauma.

On direct appeal to the Utah Supreme Court, petitioner's only claim of error was that he had been denied a right to a public trial. The supreme court affirmed. *State v. Butterfield*, 784 P.2d 153 (Utah 1989). Petitioner subsequently filed a petition for habeas corpus claiming ineffective assistance of counsel on his direct appeal. Petitioner claimed his appellate counsel should have addressed the following issues on appeal: (1) There was insufficient evidence to support the jury verdict; (2) The complainant's prior sexual behavior should have been admitted to show she had the experience necessary to manufacture a rape charge; (3) The absence of instructions on consent.

Petitioner's appellate counsel testified at the evidentiary hearing held by the district court. Counsel stated they had carefully reviewed the case and read the entire record in order to determine which issues to appeal. Counsel concluded the insufficiency of the evidence argument was without merit as there was substantial evidence to support the jury verdict. Counsel explained their decision not to raise the issue of the complainant's prior sexual behavior stating they believed the evidence was properly excluded under Utah law. Counsel stated Butterfield was not entitled to consent instructions because he testified he did not have intercourse with the complainant, not that she consented. Appellate counsel both testified they believed they had excellent arguments on the public trial issues and therefore made the strategic decision to focus attention on that point rather than to argue issues they felt had no chance of success.

In denying Butterfield's petition for a writ of habeas corpus, the court found "that as a matter of appellate strategy, counsel decided not to raise all frivolous issues so as to improve the chance of success on the meritorious issues." The court also concluded counsel's choice of issues for appeal fell within the range of competent counsel.

In this appeal, petitioner claims the district court should have determined he was denied effective assistance of counsel on appeal because his appellate counsel failed to raise meritorious issues and also failed to file an *Anders* brief. *State v. Butterfield*, 784 P.2d 153 (Utah 1989).

Ineffective assistance of counsel is the type of "unusual circumstance" that permits one to obtain review by a writ of habeas corpus. *Dunn v. Cook*, 791 P.2d 873, 875–76 (Utah 1990); *Wagstaff v. Barnes*, 802 P.2d 774, 775–76 (Utah App. 1990). In reviewing appeals from a dismissal of a petition for a writ of habeas corpus, the trial court's conclusions of law are reviewed for correctness. *Fernandez v.*

*Cook*, 783 P.2d 547, 549 (Utah 1989). However, in reviewing findings of fact "we survey the record in the light most favorable to the findings and judgement; and we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted." *Medina v. Cook*, 779 P.2d 658 (Utah 1989) (quoting *Bundy v. De-Land*, 763 P.2d 803, 805 (Utah 1988)).

## INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

### A. *Standard*

█ Utah's appellate courts have not yet considered whether failure of counsel to brief alleged meritorious issues on appeal rises to the level of ineffective assistance of counsel such that defendant on petition for habeas corpus should be granted a new trial.[1] However, the standards previously utilized by Utah's appellate courts to evaluate claims of ineffective assistance of trial counsel are equally applicable to a claim of ineffective appellate counsel.

In *State v. Frame*, 723 P.2d 401 (Utah 1986), Utah adopted the two-prong *Strickland* test to establish ineffective assistance of counsel. First, petitioner must show counsel's representation fell below the objective standard of a reasonable professional. The evidence must be sufficient to overcome the presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Counsel must have been of such poor quality that the defendant was deprived of the "counsel" guaranteed by the sixth amendment. *Strickland*, 466 U.S. at 687–88, 104 S.Ct. at 2064–65; *State v. Wynia*, 754 P.2d 667, 671–72 (Utah App.), *cert. denied*, 765 P.2d 1278 (Utah 1988). A mere showing that petitioner did not receive a favorable result or that his counsel's strategy did not

work as planned does not establish that his counsel was inadequate. *State v. McNicol*, 554 P.2d 203, 204–05 (Utah 1976); *State v. Grueber*, 776 P.2d 70, 76 (Utah App.), *cert. denied*, 783 P.2d 53 (Utah 1989). We do not second guess the tactical strategy of trial counsel and we accord the same deference to counsel on appeal. *Wynia*, 754 P.2d at 671.

Second, petitioner must show counsel's errors were prejudicial. There must be a reasonable probability that but for counsel's error, the outcome of the proceeding would have been different. *Frame*, 723 P.2d at 405. Showing prejudice is a substantial task. "It is not enough to claim the alleged errors had some conceivable effect on the outcome...." *Id.* The error must be such that we lose confidence in the result on appeal. *Id.*

Failure to prove either one of these prongs will defeat a claim of ineffective assistance of counsel. *Grueber*, 776 P.2d at 76; *State v. Geary*, 707 P.2d 645, 646 (Utah 1985). The United States Supreme Court has suggested, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Although Utah's appellate courts have not directly addressed the necessity for appellate counsel to raise all nonfrivolous issues in the context of an ineffective assistance of counsel claim, the United States Supreme Court has noted that counsel does not have to advance every argument regardless of merit on appeal. *Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 835, 83 L.Ed.2d 821 (1985).

In *Jones v. Barnes*, the Supreme Court reversed a lower court holding that appellate counsel must raise every nonfrivolous issue requested by the defendant, stating, "a brief that raises every colorable issue runs the risk of burying good argu-

---

1. The Utah Supreme Court dealt with a related issue in *Dunn v. Cook*, 791 P.2d 873 (Utah 1990). The supreme court in an appeal from the denial of a petition for habeas corpus held the defendant should have been allowed a hearing on the merits of his petition in district court where his original appellate counsel on direct appeal failed to file a legally sufficient *Anders* brief. However, the court discussed ineffective assistance of appellate counsel only in the context of an *Anders* brief. *See id.*

ments...." 463 U.S. 745, 753, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible or at most on a few key issues." 463 U.S. at 751–52, 103 S.Ct. at 3313. The Court continued, "for judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies *Anders [v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967)]." 463 U.S. at 764, 103 S.Ct. at 3314.

In *Smith v. Murray*, the Supreme Court found that the deliberate tactical decision of counsel not to pursue a particular claim on appeal after examining the record was within the bounds of reasonable professional assistance. 477 U.S. 527, 535–36, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986).[2]

In summary, we will examine each of petitioner's claims of counsel error to determine first, if counsel's failure to raise the issue on petitioner's direct appeal fell below reasonable professional standards and second, if counsel's failure was sufficiently prejudicial to undermine our confidence in the result on appeal.

### B. Sufficiency of the Evidence

■ Petitioner initially claims he was denied effective assistance of counsel on his direct appeal because his counsel did not argue the evidence was insufficient to support his rape conviction. Petitioner cites to portions of the trial record which support his contention that he did not have intercourse with the complainant. However, petitioner acknowledges the substantial evidence which supports the jury's verdict— the testimony of Arlene Connolly and the complainant.

Connolly testified she was awakened late Saturday evening by the complainant loudly shouting "no! ... stop!" and she went downstairs to investigate. Connolly testified petitioner was naked from the waist down, that his genitals were wet and dripping. She saw what appeared to be oil and seminal fluid on the complainant and blood and seminal fluid on the complainant's clothing.

The complainant told Connolly she had been raped by petitioner. She testified petitioner had forced her to drink three glasses of whiskey. She said she lost consciousness but remembered he had partially removed her clothes and then forced her to have sexual intercourse. The examining doctor noted physical evidence consistent with sexual trauma.

Petitioner's original appellate counsel testified at the evidentiary hearing on his petition for habeas corpus that because of the high burden required to set aside a jury verdict on the grounds of insufficiency of the evidence, they made a strategic decision not to raise the issue as they believed it had no chance of success. Counsel stated the issue was "a dead loser" due to the complainant's and Arlene Connolly's testimony which supported the conviction.

■ We agree. An appellate court reviewing a claim of insufficiency of the evidence does not reweigh the evidence or investigate witness credibility. *State v. Lamm*, 606 P.2d 229, 231 (Utah 1980). Rather, the appellate court "reviews the evidence in the light most favorable to upholding the [jury's] verdict, and reverses it only upon a showing that the evidence so clearly preponderates in favor of the appellant that reasonable minds would necessarily have harbored a reasonable doubt on the outcome of the case." *State v. Peters*, 796 P.2d 708, 710 (Utah App.1990).

---

**2.** Other states have also determined that appellate counsel need not raise every possible argument on appeal. *See, e.g., Baker v. State*, 243 Kan. 1, 755 P.2d 493, 500 (1988) ("Conscientious counsel should only raise issues on appeal which, in the exercise of reasonable professional judgement, have merit."); *In re Martin*, 240

Mont. 419, 787 P.2d 746, 748 (1989) (unnecessary to argue every colorable issue where counsel "raised those issues most worthy of review and argued them well"); *Ford v. State*, 105 Nev. 850, 784 P.2d 951, 953 (1989) ("appellate counsel is most effective when she does not raise every conceivable issue on appeal").

We do not reach the issue of whether the failure of appellate counsel to raise this nonfrivolous issue on appeal fell below the standard of reasonable appellate counsel. We choose to affirm on the alternative basis that the failure to raise the issue was not prejudicial to petitioner's appeal. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069. We agree with defendant's prior appellate counsel that, because of the standard of review, a claim of insufficiency of the evidence, even if considered by the supreme court on direct appeal, would not have resulted in a different result on appeal.

## C. JURY INSTRUCTIONS

■ Next, petitioner claims his appellate counsel erred by not arguing on his direct appeal that the trial judge should have given petitioner's jury instructions on the defense of consent. Petitioner correctly states that he was entitled to have the jury instructed on his theory of the case including any appropriate defenses if there was any basis in the evidence to support his theory. *State v. Lopez*, 789 P.2d 39, 44 (Utah App.1990).

The problem with petitioner's argument is that the consent instructions he now claims should have been given do not support his theory of the case. At trial, petitioner consistently maintained he did not have intercourse with the complainant. He never claimed she had consented to intercourse. We, therefore, agree with counsel's decision not to raise this issue on direct appeal.[3] Counsel's conduct was appropriate and certainly did not fall below the standard of reasonableness.[4]

---

3. One of the attorneys who assisted on the direct appeal, Jo Carol Nesset–Sale, stated, "I thought, given the transcripts of this case in which Mr. Butterfield testified that he did not have intercourse with the alleged victim, that all of the instructions that Mr. Anderson [defense counsel] had submitted regarding consent were totally irrelevant. You're not entitled to consent instruction when you testify that you did not have intercourse."

4. We do not consider the State's claim that the petitioner's instructions were properly omitted because they misstate the law of consent since

## D. PRIOR SEXUAL BEHAVIOR

■ Next, petitioner argues prior appellate counsel was remiss in not advancing the argument that the trial judge abused his discretion in refusing to allow trial counsel to argue from facts admitted at trial establishing that the complainant had previously had an incestuous relationship with her brother and had been sexually assaulted at school.[5]

Utah law permits counsel to fully discuss the evidence presented. "Counsel for both sides have considerable latitude in their arguments to the jury; they have a right to discuss fully from their standpoints the evidence and the inferences and deductions arising therefrom." *State v. Valdez*, 30 Utah 2d 54, 60, 513 P.2d 422, 426 (1973). *Accord State v. Dibello*, 780 P.2d 1221, 1225 (Utah 1989); *State v. Lafferty*, 749 P.2d 1239, 1255 (Utah 1988); *State v. Tillman*, 750 P.2d 546, 560 (Utah 1987). Of course counsel may only discuss evidence the jury is allowed to consider in reaching their verdict. *State v. Creviston*, 646 P.2d 750, 754 (Utah 1982). Once exhibit 11 was properly received into evidence, *see* note 5, *supra*, counsel for petitioner should have been permitted to discuss with the jury all inferences arising from the complainant's prior sexual behavior.

The State responds that the evidence of the complainant's prior sexual conduct should not have been admitted in the first instance and thus there was no prejudice. "Evidence of a victim's prior sexual encounters is generally not relevant in a prosecution for rape." *State v. Williams*, 773

---

we resolve the issue on other grounds. *See State v. Herzog*, 610 P.2d 1281 (Utah 1980); *State v. Studham*, 572 P.2d 700 (Utah 1977).

5. Arguments on this issue on appeal are somewhat confusing as the trial judge originally ruled petitioner's counsel would not be permitted to go into the complainant's prior sexual behavior, but then received this evidence as part of exhibit 11. Exhibit 11 contains a sworn statement by Mark Connolly to the authorities. Connolly stated, "[b]ecause I guess the girl had been raped before twice. There was also an incestual situation with her brother from four and a half to nine."

P.2d 1368, 1370 (Utah 1989). However, the balancing required to determine the admission of such evidence is entrusted to the trial judge and we will not disturb the court's ruling unless it clearly appears the trial court was in error. *Id.* In this case the trial judge admitted the evidence, and under the circumstances, we do not think this decision was in error.

The Utah Supreme Court has given the following guidance to trial judges as to the proper exercise of their discretion in admitting evidence of prior sexual experience in a rape or sexual abuse case.

> While the balancing of the probative value of the evidence and its detrimental effect is entrusted to the discretion of the trial judge in the usual case, such evidence, either of general reputation or of specific prior acts, is simply not relevant to any issue in the rape prosecution including the consent of the complainant. Such evidence is admissable only when the court finds under the circumstances of the particular case, such evidence is relevant to a material factual dispute and its probative value outweighs the inherent danger of unfair prejudice to the complainant, confusion of issues, unwarranted invasion of the complainant's privacy, considerations of undue delay and time waste and the needless presentation of cumulative evidence.

*State v. Lovato*, 702 P.2d 101, 105 (Utah 1985) (quoting *State v. Johns*, 615 P.2d 1260, 1264 (Utah 1980)). *Accord Williams*, 773 P.2d at 1370–71; *State v. Moton*, 749 P.2d 639, 644 (Utah 1988).

The Utah Supreme Court considered the propriety of a trial court's refusal to admit the prior sexual conduct of a ten-year-old complainant in the sexual abuse case of *Moton*. In *Moton*, an accused sexual abuser was not permitted to ask the complainant certain questions regarding her earlier sexual conduct and prior false accusations. However, other evidence revealed the complainant's sexual knowledge, earlier lies and her motives for lying. Associate Chief Justice Howe, the author of the majority opinion, held that the sixth amendment right to confrontation was satisfied. *Id.* at

644. The concurring justices felt the denied questions were sufficiently probative that they should have been allowed, but decided the error was harmless as the same basic facts were admitted through other means. *Id.* at 644–45.

Other jurisdictions which have considered whether prior sexual conduct should be admitted in sexual assault cases involving children have generally found the testimony more probative than prejudicial. The New Hampshire Supreme Court, in *State v. Howard*, 121 N.H. 53, 426 A.2d 457 (1981), dealt with a statutory rape victim who had had a number of sexual experiences prior to the alleged incident. The court decided a defendant in a statutory rape case "must be afforded the opportunity to show, by specific incidents of sexual conduct, that the complainant has the experience and ability to contrive a statutory rape charge against him." *Howard*, 426 A.2d at 462. The court stated, "[w]e believe that the average juror would perceive the average twelve-year-old girl as a sexual innocent. Therefore it is probable that jurors would believe that the sexual experience she describes must have occurred in connection with the incident being prosecuted; otherwise, she could not have described it." *Id.*

The Supreme Court of Nevada reversed a lower court ruling excluding evidence of the complainant's prior sexual abuse in a child molestation case. The evidence excluded would have shown the six-year-old victim had knowledge of sexual acts from sources other than the alleged incident. The court found the probative value of the prior sexual behavior outweighed the potential prejudice under the particular circumstances of the case. *Summitt v. State*, 101 Nev. 159, 697 P.2d 1374, 1377 (1985).

Defendant asserts, and we agree, that under the particular circumstances of this case the evidence of the complainant's prior sexual conduct was probative of two consequential facts at issue. First, the physical evidence that the complainant's hymen was not intact could be explained by her prior sexual experience and was not necessarily

a result of the alleged incident. Second, her prior experience could support petitioner's theory that she fabricated the incident, as she had the basis of knowledge for the fabrication from her prior sexual experiences. Based upon the special circumstances of this case, we conclude the trial court properly received exhibit 11 since the evidence of the complainant's prior sexual experience was more probative than prejudicial.

■ We have previously concluded that the trial judge erred in not allowing argument on the complainant's prior sexual experience *if* these facts were properly admitted. We have now concluded the facts were properly admitted. Thus the question is: Did prior counsel's failure to raise on direct appeal the issue that the trial court erroneously excluded argument on the relevance of the complainant's prior sexual experience, where that experience was properly in evidence, fall below the standard of a reasonable professional? We think it did.

However, this does not end our inquiry. Petitioner must also persuade us that failure of his counsel to raise this issue on his direct appeal prejudiced the outcome of his appeal. "In order to show prejudice to his case, defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Wynia*, 754 P.2d at 672; *see also Frame*, 723 P.2d at 405. Phrased another way, is there a reasonable likelihood that had the supreme court considered this issue, they would have granted petitioner a new trial? We think not.

First, in this case it was not just a test of credibility between the defendant and the complainant as to whether the rape occurred. There was corroborative testimony from Arlene Connolly. Connolly heard the complainant telling petitioner "no!" "don't!" and "stop!". She testified she found petitioner naked from the waist down and that his genitals appeared to be

slick and dripping. She also saw rug burns, bruises and what appeared to be oil, blood, and seminal fluid on the complainant and her clothing. Additional corroboration came from the examining physician who found the complainant's bruises and extreme tenderness to be consistent with sexual assault. These witnesses provided independent support for the jury's verdict.

Second, unlike the victim in *Moton* who was only ten, the complainant here was fourteen. There is a difference in what a reasonable juror would understand as the sexual knowledge of a girl at fourteen, whether based on her own experience or on anecdotal information, and accordingly of her ability to fabricate if she was inclined to do so. Thus, the specifics of prior sexual experience where fabrication is the defense is much less critical with a victim of fourteen than a victim of ten. Furthermore, the jury heard about the complainant's maturity and experience during the trial. She was in high school, she wore make up, she was trusted to watch the two Connolly children and to fix them dinner. She drank wine coolers and other alcoholic beverages and she knew their flavors and percentages of alcohol content. She was exposed to adult oriented videos including the pornographic movie playing the night of the incident. The jury heard evidence that the complainant had experience and knowledge well beyond that of a child.

Third, in the cases where reversible error was found, the complainant's prior sexual experience was completely excluded. *See, e.g., Summitt*, 101 Nev. at 159, 697 P.2d at 1374; *Howard*, 121 N.H. at 53, 426 A.2d at 462; *State v. Budis*, 243 N.J.Super. 498, 580 A.2d 283 (1990). Where the relevant evidence came in through other means, the refusal to allow questions on the complainant's prior sexual behavior was either not error or not prejudicial. *Moton*, 749 P.2d at 639; *Lovato*, 702 P.2d at 101. In this case, evidence of the complainant's prior sexual experience was admitted through exhibit 11 and only argument on its relevance was precluded.[6]

**6.** Petitioner focuses his prior sexual behavior argument on the refusal of the court to allow

trial counsel to argue the evidence presented by exhibit 11. However, he also complains his

For these reasons, we find petitioner's prior appellate counsel's error was not prejudicial.

### E. *ANDERS* BRIEFS

 Finally, petitioner asserts that his counsel on direct appeal should have filed an *Anders* type brief including the issues counsel felt were not worth pursuing so that the Utah Supreme Court could have evaluated them along with the meritorious public trial issues. The United States Supreme Court first required appellate counsel to file a brief where no meritorious arguments are available in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). "[I]f counsel finds his case to be wholly frivolous," he or she can file "a brief referring to anything in the record that might arguably support the appeal" and request permission to withdraw. *Id.* at 744, 87 S.Ct. at 1400. Utah adopted the practice of *Anders* briefs in *State v. Clayton*, 639 P.2d 168 (Utah 1981). *Anders* briefs were originally created by the United States Supreme Court to handle cases which appellate counsel deem to be wholly frivolous. Petitioner requests this court to expand *Anders* to include cases which have both frivolous and nonfrivolous issues.

We decline to expand *Anders* and conclude that *Anders* type briefs should be limited to wholly frivolous cases. By adopting petitioner's suggested form of brief, we would demonstrate a lack of confidence in the appellate bar's ability to distinguish between frivolous and nonfrivolous issues.

Moreover, we would substantially add to the workload of appellate judges and counsel if appellant's argument were accepted. Indeed, hardly a criminal appeal would not have an *Anders* brief filed along with appellant's principal brief. Finally, appellant cites us to no authority suggesting this bifurcated approach has been accepted in any jurisdiction.

trial counsel was prevented from cross-examining the complainant about these incidents and presenting other duplicative evidence concerning the complainant's prior sexual behavior.

In petitioner's case there were meritorious, although unsuccessful, public trial arguments. Therefore it was proper for appellate counsel not to have prepared an additional *Anders* brief with what counsel deemed to be wholly frivolous claims.

In conclusion, we affirm the district court's denial of petitioner Butterfield's petition for habeas corpus.

ORME and RUSSON, JJ., concur.

While we might agree that additional emphasis on these incidents may have been proper, we find the exclusion of this duplicative sexual behavior evidence was not prejudicial.