Fennell v. Cunningham          CV-95-248-JD  08/15/96
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Edward Fennell, Jr.

        v.                          Civil No. 95-248-JD

Michael Cunningham, Warden
New Hampshire State Prison


                         O R D E R


     The pro se petitioner, Edward J. Fennell, Jr., brought this
action against the respondent, Michael Cunningham, challenging
the constitutionality of his state court convictions for
aggravated felonious sexual assault.  Before the court is the
respondent's renewed motion for summary judgment (document no.
22).


                        Background

     In April, 1985, the petitioner was convicted on four counts
of aggravated sexual assault against three different minor
victims and was sentenced to three terms of 7½ to 15 years, to
run concurrently, and one term of 3½ to 7 years, to run
consecutively.  The petitioner appealed his convictions to the
New Hampshire Supreme Court, challenging the trial court's
refusal to grant a mistrial and the sufficiency of the evidence
against him on one of the four counts.  The New Hampshire Supreme

Court affirmed the convictions, holding that the trial judge acted within his discretion in resolving the petitioner's allegations of juror misconduct, and declining to reach the petitioner's challenge to the sufficiency of the evidence because the petitioner had not raised the claim at trial.

In 1988, the petitioner filed a motion to vacate his convictions on the basis of the ineffective assistance of his trial counsel. The petitioner claimed that trial counsel was burdened by a conflict of interest and, in addition, made the following errors at trial: (1) failed to file a motion to sever one or more of the charges against the petitioner; (2) failed to file a bill of particulars so as to enable the petitioner to present an alibi defense at trial; (3) failed to move for a mistrial after one of the minor witnesses testified about a bad act for which the petitioner had not been indicted; (4) failed to perform adequate investigation and discovery; (5) failed to move for a dismissal based on the sufficiency of the evidence on one of the counts; and (6) failed to request a hearing to enable the petitioner to present evidence that the minor victims were sexually experienced. The motion was denied.

On appeal, the New Hampshire Supreme Court reversed the superior court's decision concerning the failure of petitioner's counsel to move to dismiss one of the indictments, finding that

2

the indictment should have been dismissed and the conviction vacated. Accordingly, the court dismissed one of the four convictions and, having affirmed the superior court's order on all other grounds, remanded the three convictions to the trial court for resentencing. The petitioner was resentenced to two concurrent terms of 7½ to 15 years and one consecutive term of 3½ to 7 years.

The petitioner filed the instant suit on April 27, 1995.

## Discussion

### I. Juror Misconduct

The plaintiff's first contention is that juror misconduct deprived him of the right to a fair and impartial jury. Specifically, he claims that following the completion of the first day of the jury's deliberations, one juror said to another outside the jury room, "When we were children, we didn't do . . . ," and then, upon seeing the defendant's family, remarked, "Here comes the family." The petitioner made a motion for a mistrial the next morning, which the trial judge denied without conducting a hearing concerning the incident or interviewing the jurors involved. The petitioner also moved for a mistrial on the basis of two jurors' admissions that they were aware of the existence of newspaper and radio reports about the trial but had

3

not heard the contents of those reports.  The trial judge interviewed each of the jurors concerning his or her exposure to media coverage of the trial and denied the motion.

Trial judges have broad discretion in formulating a response to allegations of juror misconduct, United States v. Harris, 908 F.2d 728, 733 (11th Cir. 1990), cert. denied, 498 U.S. 1093, and cert. denied, 501 U.S. 1217 (1991), and extrinsic influence on jurors, Mahoney v. Vondergritt, 938 F.2d 1490, 1492 (1st Cir. 1991), cert. denied, 502 U.S. 1104 (1992).  Here, the trial judge interviewed each of the jurors concerning any extrinsic information they had received.  Immediately thereafter, he considered the petitioner's claim regarding the jurors' conversation outside the jury room.  The conversation as reported was incomplete and may or may not have concerned the petitioner's trial, and the trial judge was in the best position to assess the potential for prejudice.  The court finds that the trial judge acted within his discretion in responding to the petitioner's allegations and concluding that the defendant's right to an impartial jury had not been violated.  The petition for habeas corpus on the ground of juror misconduct is denied.

4

II.  Ineffective Assistance of Counsel

The petitioner's second contention is that he was denied his Sixth Amendment right to counsel by virtue of the ineffective assistance trial counsel offered.  In order to sustain a claim of ineffective assistance of counsel, the petitioner must show "both that trial counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was so prejudicial as to undermine confidence in the outcome of the trial."  Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 688-89 (1984)).  The court's inquiry into the reasonableness of counsel's performance is highly deferential and reflects a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. (quotation marks omitted).  In order to satisfy the "prejudice" prong, the petitioner "must affirmatively prove a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. (quoting Strickland, 466 U.S. at 694 (quotation marks omitted)).

A.  Counsel's Conflict of Interest

The petitioner first argues that trial counsel, whose law partner was litigating a civil suit in which the petitioner was a

5

named defendant while the criminal trial was pending, was saddled with an unconstitutional conflict of interest. The respondent claims that trial counsel's performance was not deficient because trial counsel was unaware of his law partner's activities.

In Cuyler v. Sullivan, 446 U.S. 335 (1980), the Supreme Court held that a criminal "defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." Id. at 349-50. However, the court cautioned that "until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." Id. at 350.

After conducting a hearing, the superior court determined that the petitioner's trial counsel was unaware of his law partner's activities while he represented the petitioner. New Hampshire v. Fennell, No. S-84-0097-0100, slip op. at 8-9 (N.H. Sup. Ct. May 18, 1989) (McHugh, J.). This finding is entitled to a presumption of correctness, which the petitioner has failed to rebut.[1] Without knowledge of his law partner's activities, trial counsel could not have violated Cuyler's prohibition against

---

[1]Because the court would reach this result if it applied 28 U.S.C.A. § 2254(e)(1) (West Supp. July 1994), or its predecessor, 28 U.S.C.A § 2254(d) (West 1994), the court need not address the question of whether § 2254(e)(1) applies retroactively.

6

"actively represent[ing] competing interests," and, thus, could not have been saddled with an unconstitutional conflict of interest.

     B.  Failure to File Motion to Sever

The petitioner next contends that he was prejudiced by trial counsel's failure to move for severance of at least one of the charges against him.  However, trial counsel testified that the decision not to sever was made for strategic reasons, i.e., because the petitioner had alibi defenses available for three of the counts, a jury crediting the alibis would be likely to dismiss the fourth count, which rested on the credibility of one of the victims.  Trial counsel also testified that the petitioner was consulted about the possibility of severance and did not voice an objection to trying all four counts at once.

After reviewing the record the court finds that the petitioner has failed to rebut the presumption that counsel's decision fell within the range of competent representation.  The decision not to move for severance rested on solid strategic footing.  Moreover, in the opinion of the court it is unlikely that a motion to sever would have been granted, see State v. Winders, 127 N.H. 471, 473, 503 A.2d 798, 799-800 (1985), or, given the damaging testimony offered by each of the victims,

7

would have been likely to affect the outcome of the proceedings against the petitioner.

C.   Failure to Move for Dismissal of One of the Indictments

As noted supra, the New Hampshire Supreme Court granted the relief that the petitioner requested concerning trial counsel's failure to move for dismissal of one of the indictments. However, the mere fact that counsel failed to request dismissal of one of the indictments does not cast doubt on the reliability of the other three convictions. The court finds that counsel's error at trial did not prejudice the petitioner with respect to the convictions for which the petitioner currently is in custody.

D.   Failure to Move for Mistrial Based on Evidence of
     Unindicted Acts

The petitioner next claims that trial counsel should have moved for a mistrial after one of the victims, in testifying about an act alleged in the indictment to have occurred in the attic of another girl's home, testified about what may have been a separate act in which she performed fellatio on the petitioner in the other girl's bathroom. However, the court's review of the record indicates that the victim's account of the incidents in question was somewhat confused, and that trial counsel effectively explored the inconsistencies in the victim's

8

testimony during cross-examination, thereby reducing any prejudice to a minimum and, at the same time, casting doubt on the victim's credibility. As such, the court concludes that the victim's testimony concerning what may have been an act for which the petitioner was not indicted was not so prejudicial as to undermine confidence in the outcome of the trial.

E.    Failure to Request a Bill of Particulars

The petitioner claims that trial counsel erred in failing to request a bill of particulars, which, he claims, would have assisted in the presentation of his alibi defenses. The argument is unavailing. The indictments and testimony at trial indicated the particular days on which the assaults were alleged to have occurred, and the petitioner presented evidence of his whereabouts on the days in question. Thus, assuming arguendo that a motion for a bill of particulars would have been granted, the court finds that the plaintiff was not prejudiced by trial counsel's failure to request one. Accord State v. Tynan, 132 N.H. 461, 464, 566 A.2d 1142, 1144 (1989).

F.  Failure to Request a Howard Hearing

The final basis for the petitioner's ineffective assistance of counsel claim rests on his trial counsel's failure to request

9

a <u>Howard</u> hearing, <u>see</u> <u>State v. Howard</u>, 121 N.H. 53, 426 A.2d 457 (1981), to determine the admissibility of evidence concerning the victims' prior sexual activity. Ordinarily, such evidence is admissible to rebut evidence or suggestion of the victims' unfamiliarity with sexual experiences. <u>See</u> <u>id.</u> at 61, 426 A.2d at 462. However, in this case the graphic vocabulary the victims used in testifying about sexual acts belies any insinuation the prosecution might have made that the victims were sexually naive. Indeed, the victims' language evinced a level of knowledge or experience in sexual matters beyond their years. Accordingly, the court finds that the petitioner was not prejudiced by counsel's failure to seek introduction of <u>Howard</u> evidence.

The petition for habeas corpus on the basis of ineffective assistance of trial counsel is denied.


<u>Conclusion</u>

The respondent's renewed motion for summary judgment (document no. 22) is granted. The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

August 15, 1996
cc:  Edward J. Fennell, Jr., pro se
     John Paul Kacavas, Esquire

10