Hillsborough
No. 81-414

THE STATE OF NEW HAMPSHIRE

v.

THOMAS MISKELL

September 10, 1982

844

*Kahn, Brown, Bruno & Durmer*, of Nashua (*Kenneth M. Brown* on the brief and orally), for the prosecutrix.

*Brown & Nixon P.A.*, of Manchester (*Frank E. Kenison* on the brief and orally), for the defendant.

BATCHELDER, J.   This appeal raises the issue of the application of the rape shield statute (RSA 632-A:6 (Supp. 1981)) to questions asked of a prosecutrix in a rape case during a discovery deposition. The Trial Court (*Dunn*, J.) granted a motion to compel answers to the deposition, and this interlocutory appeal followed. Because RSA 632-A:6 is applicable to the discovery process, we reverse the trial court's order and remand.

The prosecutrix has alleged that she was raped on the night of August 7, 1980. The defendant was subsequently charged with aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1981). His defense, simply stated, is that he did not commit the crime alleged. During a deposition taken by agreement of the parties on August 12, 1981, the defendant's counsel asked the prosecutrix a series of

questions concerning her sexual relations with her former husbands, both during and allegedly after their marriages, any extra-marital sexual relations that she might have had, and any current sexual relations that she might be having. Upon the advice of the assistant county attorney present, the prosecutrix refused to answer any of the questions concerning her prior sexual activity. The defendant then filed a motion to compel answers to deposition. After a hearing, the trial judge granted the motion, reserving the question of the admissibility of any of the discovered evidence. The county attorney's office moved for an interlocutory appeal; the appeal has been filed and handled by private counsel, representing the prosecutrix.

The defendant first argues that the prosecutrix may not bring this appeal from the adverse ruling of the trial judge. He asserts that if the State is not empowered to appeal from an adverse ruling of a trial judge, a prosecutrix should be barred from taking an appeal. We reject this argument. In this appeal, the prosecutrix is the real party in interest, and her interests may differ from those of the State. Supreme Court Rules 4 and 8 give this court the power to accept an interlocutory appeal from a lower court order or ruling, and we find that this is an appropriate case for us to accept.

The defendant next argues that the rape-shield statute does not apply to discovery proceedings. He argues that, because the statute provides that "[p]rior consensual sexual activity between the victim and any person other than the actor shall not be admitted into evidence in any prosecution under this chapter," RSA 632-A:6 (Supp. 1981), the defendant is permitted to ask any question concerning prior sexual activity in a deposition. We disagree.

We believe that the legislature intended to create a testimonial privilege. Its purpose was to protect the victim of a rape "from being subjected to unnecessary embarrassment, prejudice and courtroom procedures that only serve to exacerbate the trauma of the rape itself." *State v. Howard,* 121 N.H. 53, 57, 426 A.2d 457, 459 (1981); *see State v. LaClair,* 121 N.H. 743, 745, 433 A.2d 1326, 1328 (1981). The underpinnings of the privilege are grounded in the constitutional right to privacy. *See State v. Howard,* 121 N.H. at 59, 426 A.2d at 461; *Goodrow v. Perrin,* 119 N.H. 483, 485–86, 403 A.2d 864, 865 (1979) and United States Supreme Court cases cited therein.

Because a testimonial privilege was created, the statute should apply to depositions as well as at trial. "The rules of evidence which would govern privileged matters at trial govern such matters

when they arise during discovery." *Riddle Spring Realty Co. v. State*, 107 N.H. 271, 273, 220 A.2d 751, 754–55 (1966) (quoting 23 AM. JUR. 2d *Depositions and Discovery* § 169, at 507). This court has applied testimonial privileges at various stages before trial. *See State v. Superior Ct.*, 116 N.H. 1, 2, 350 A.2d 626, 627 (1976) (attorney-client privilege and work-product rule apply at deposition); *Riddle Spring Realty Co. v. State*, 107 N.H. at 273, 220 A.2d at 754 (same); *cf. State v. Williams*, 115 N.H. 437, 440, 443, 343 A.2d 29, 30–31, 33 (1975) (privilege against self-incrimination applies at probable cause hearing and requires suppression at trial of testimony at bail hearing).

Furthermore, we believe that the same policies are served by prohibiting questions concerning unrelated prior sexual activity in a deposition as are served by their prohibition at trial. Contrary to the defendant's assertion, the major harassment and embarrassment occurs because the victim must answer the questions, not because she must answer them in public.

We have recently reaffirmed our holdings "that evidence of a prosecutrix' prior sexual activity could be relevant and admissible in certain *limited* circumstances." *State v. Shute*, 122 N.H. 498, 503, 446 A.2d 1162, 1165 (1982) (emphasis in original); *see State v. LaClair*, 121 N.H. at 745, 433 A.2d at 1328; *State v. Howard*, 121 N.H. at 58–59, 426 A.2d at 462. In *LaClair* and *Howard*, we held that, in the specific circumstances of those cases, due process required that the evidence be admitted because its probative value outweighed its possible prejudicial effect. *State v. LaClair*, 121 N.H. at 745, 433 A.2d at 1328; *State v. Howard*, 121 N.H. at 58–59, 426 A.2d at 460–61. We have, however, rejected arguments that a defendant could parade the prosecutrix' entire sexual history, including her alleged predilection for promiscuity and indiscriminate sexual activity, before the jury. *State v. Shute*, 122 N.H. at 503, 446 A.2d at 1165.

In *State v. Howard*, 121 N.H. at 58–59, 426 A.2d at 462, we held that the defendant was entitled to a hearing, held out of the presence of the jury, in order to determine whether due process required that the prosecutrix testify about certain instances of prior sexual activity. *See State v. Shute*, 122 N.H. at 503, 446 A.2d at 1165. We will fashion a similar rule for questions that a defendant wishes a prosecutrix to answer in a deposition. The defendant must show, in a hearing before the trial judge, that there is a *reasonable possibility* that the information sought will produce the type of evidence that due process will require to be admitted at trial. *Cf.*

*State v. Siel,* 122 N.H. 254, 260, 444 A.2d 499, 503 (1982). Mere speculation that favorable information might be forthcoming is insufficient. A defendant must show that there is a reasonable likelihood that admissible information *will* be obtained. We also note that, when a prosecutrix is compelled to answer a question at a deposition, the question may not necessarily be asked again at trial. The defendant still must show at a hearing, out of the presence of the jury, that, in the light of the answer given at the deposition, due process requires that she again must testify about certain instances of prior sexual activity.

■■ Our holding today does not conflict with the broad and liberal discovery that has long been practiced in New Hampshire. We have never permitted discovery that amounts to "harassment . . . or impertinent intrusion in . . . legitimately private matters." *Riddle Spring Realty Co. v. State,* 107 N.H. at 278, 220 A.2d at 758; *see McDuffey v. Boston & Maine R.R.,* 102 N.H. 179, 182, 152 A.2d 606, 609 (1959). Although the control of discovery is within the sound discretion of the trial court, the court must be careful to protect the legitimate interests of the prosecutrix embodied in RSA 632-A:6 (Supp. 1981).

■■ Because the trial court here did not appear to believe that the statute applied to depositions, we reverse its order and remand. Moreover, because this issue is likely to occur again, we will address the defendant's requests for information in light of this opinion. *See State v. Shute,* 122 N.H. at 503, 446 A.2d at 1165. On the record before us, the defendant has failed to show sufficient justification for compelling answers to his questions. In fact, it is difficult to imagine that the prosecutrix' prior sexual activity would be relevant to his defense. He apparently concedes that the prosecutrix might have been raped, but contends that he is not the party responsible for the act. Especially hard to justify are his questions concerning the prosecutrix' alleged prior sexual activities dating back eight years before the alleged rape. The defendant also has not shown that the prosecutrix' credibility is open to question. A deposition is not the proper place for a blind fishing expedition to elicit that type of testimony.

*Reversed; remanded.*

KING, C.J., did not sit; the others concurred.