Strafford
No. 84-080
No. 84-317
No. 85-051

THE STATE OF NEW HAMPSHIRE

v.

RICHARD BAKER

RICHARD BAKER

v.

RICHARD CAVANAUGH

THE STATE OF NEW HAMPSHIRE

v.

RICHARD BAKER.

April 11, 1986

*Stephen E. Merrill,* attorney general (*Tina Schneider,* attorney, on the brief and orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

SOUTER, J.   The defendant was convicted in the Superior Court (*Contas,* J.) of felonious sexual assault, RSA 632-A:3 (Supp. 1985). Thereafter Contas, J., denied his motion for new trial, and Temple, J., denied his petition for writ of habeas corpus based on a claim of ineffective assistance of counsel. In these combined appeals, we do not reach the issues raised by the denials of post-trial relief, because we reverse the conviction for failure to afford the defendant the hearing to which he was entitled under *State v. Howard,* 121 N.H. 53, 426 A.2d 457 (1981).

The trial record indicates that the defendant paid a male juvenile to introduce him to the thirteen-year-old male victim named in the indictment, and that over a course of two years the defendant paid money to these boys in return for sexual activity with them. The victim named in the indictment described specific sexual acts that the defendant had performed.

Counsel for the defendant was aware of evidence that the victim had engaged in sexual activity with persons other than the defendant, and he sought to bring this out during the victim's cross-examination, in order to preclude any inference that so young a victim would not have known about the sexual practices he described unless he had experienced them with the defendant. Accordingly, defense counsel asked the victim whether he had had any "experiences" with a named third person. When counsel for the State objected that the question was "confusing or not clear," the court sustained the objection. The court then allowed defense counsel to

come to the bench to make a requested offer of proof, and counsel explained that the object of his questioning was "to show [the victim's] experience with regard to these matters and his ability . . . to fabricate a story. . . ."

Although at one point thereafter the court questioned the relevance of the proposed inquiry, the remainder of the colloquy at the bench concerned the applicability of RSA 632-A:6 (Supp. 1983), the rape shield law, as construed in *State v. Howard supra. Howard* held that the rape shield law's bar to the admission of evidence of "[p]rior consensual sexual activity between the victim and any person other than the [defendant in a prosecution under RSA chapter 632-A]" is constitutional only if the defendant is "given an opportunity to demonstrate that due process requires the admission of such evidence[,] because the probative value in the context of that particular case outweighs its prejudicial effect" on the victim. *State v. Howard, supra* at 58–59, 426 A.2d at 460–61.

At the bench conference, defense counsel requested that opportunity. Counsel for the State then objected "on timeliness as to right now to bring this up unless the [j]udge wants to send the jury home and have a full hearing of some kind." After further discussion, the bench conference concluded with this exchange between the court and defense counsel:

"THE COURT: At this state of the proceedings . . . I am going to sustain your objection and note [the] exception, and we will proceed from there.

[Defense counsel]: Would Your Honor grant a hearing tomorrow morning, then?

THE COURT: No, the Court will not grant a hearing at this particular stage of the proceeding."

The defendant submits that this ruling was reversible error, and we agree.

The State argues, as a preliminary matter, that the claim of error is not properly before us, because defense counsel failed to preserve it by timely exception to the trial court's ruling. This assertion, however, flies in the face of the record as we have quoted it, which indicates that at the end of the discussion about *Howard*, the trial court noted an exception to the ruling. *See* SUPER. CT. R. 77-A; N.H. R. Ev. 103(e) (exceptions not required after July 1, 1985).

Next, the State argues that the court was correct in finding that the request for a *Howard* hearing was untimely, and in denying

it for that reason. In responding to this, we have to say in all candor that we share the exasperation of the trial judge and State's counsel at receiving a motion for a *Howard* hearing after a jury was in the box and a witness was on the stand. But in fairness we also have to say that defense counsel's timing does not violate anything we explicitly said in *Howard*, and that the State has not cited any rule of the superior court requiring more timely practice.

■■ What is more important, in any event, is that a *Howard* hearing is a due process requirement, which must be given a higher priority than efficiency in the use of jurors' and witnesses' time. The way to force an accommodation of sound judicial management with constitutionally mandated procedure is to issue and enforce scheduling rules or orders, with provisions for sanctions against counsel who violate their terms. When, as here, a court seeks to penalize the criminal defendant for his lawyer's untimeliness, the result is simply a colorable claim of ineffective assistance of counsel.

As a third point, the State relies on *State v. Miskell*, 122 N.H. 842, 451 A.2d 383 (1982) in maintaining that the defendant never perfected his right to a *Howard* hearing, because he failed to make an offer of proof to justify his request. This argument calls for careful attention both to *Miskell* and to the record in this case.

■ *Miskell* held that the shield law is not merely a bar to the admission of evidence about a victim's prior consensual sexual activity, but is also the source of a personal privilege to protect the victim's privacy on that subject, a privilege that the victim may invoke not only at trial but at such pretrial proceedings as depositions and *Howard* hearings. When a victim has invoked that privilege, a defendant may defeat it only by demonstrating a *"reasonable possibility* that the information sought will produce the type of evidence that due process will require to be admitted at trial." *Id.* at 846, 451 A.2d at 386. (Emphasis in original.) It is therefore accurate to describe *Miskell* as holding that an offer of proof may be demanded before the shield law's privacy privilege must yield to pretrial questioning.

■ *Miskell* did not hold, however, that a defendant must make such an offer of proof before he is entitled even to insist that a *Howard* hearing be scheduled. The present defendant's demand for such a hearing was not, therefore, ineffective under *Miskell* simply because defense counsel at the bench failed to indicate that he could prove that the victim had had prior sexual experiences on the basis of which he could have fabricated a story.

This is not to say, of course, that the trial court did not have dis-

cretion to demand such an offer from defense counsel, before interrupting the trial in midstream to hold a hearing outside the jury's presence. But that is not what the trial court did. Although the judge had allowed defense counsel to make an offer of proof in response to an objection that his question was confusing, an "offer" that turned into a statement of relevance, the judge did not call for any offer of proof to support the *Howard* hearing request, which occurred in the course of the bench conference. If the court had requested such an offer, the record indicates that defense counsel could have made one sufficient to justify the demand for a hearing.

Rather, the refusal to apply *Howard* rested on untimeliness, as the quotations from the record demonstrate. And untimeliness, as we have seen, did not justify the refusal.

■ Finally, the State argues that the failure to grant a *Howard* hearing was not prejudicial, because the jury had evidence that the victim was a street-wise and experienced thirteen-year-old. This is true so far as it goes, but it begs the question, which is whether he was experienced enough to have known about the sexual acts he described unless he had experienced them with the defendant. We may, indeed, have our suspicions, but on the evidence before the jury there could be nothing more than that. *Howard* and *Davis v. Alaska*, 415 U.S. 308 (1974), teach that the due process right of confrontation requires more.

*Reversed.*

All concurred.