Belknap
No. 86-245

### THE STATE OF NEW HAMPSHIRE

v.

### JOHN F. JORDAN

November 5, 1987

*Stephen E. Merrill,* attorney general (*Barbara R. Keshen,* assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

SOUTER, J.   In this appeal from convictions for operating a motor vehicle after revocation and for disobeying a police officer, the

defendant claims that the Superior Court (*Morrill*, J.) delivered an erroneously phrased instruction on avoiding jury deadlock, and compounded its error by so instructing the jury prior to any deliberation. Although we disapprove of the particular instruction, we affirm on the ground that it was not misleading in the context of the whole charge.

The substance of the instruction in controversy is given as New Hampshire Criminal Jury Instruction 1.29-a (N.H.B.A. 1985), which the trial judge delivered in these words:

> "Each juror's verdict must be his or her own and it should not be made out of a need to agree with everyone else. Yet, in order to bring 12 minds to the same decision, jurors have to respect and listen to one another's opinions honestly. A juror who disagrees with the others should consider whether the doubt in his mind or her mind is a reasonable one when it makes no impression on some jurors who are equally honest, who have heard the same evidence and who are equally sworn to arrive at the truth. You do not have to give up a conscientious conclusion, but it is your duty to discuss it with your fellow jurors carefully and honestly. It is your duty to be absolutely just to the people of the State of New Hampshire and to John Jordan. In summary then, you should remember these two rules: When you disagree with other jurors, respect and consider the opinions of other jurors but in the end, reach your own decision."

We agree with the defendant that this instruction is unsound to the extent that it can be read as focusing on reasonable doubt as the subject of likely jury disagreement, and as assuming that the odd juror will probably be the one who entertains a reasonable doubt when the others do not. We find the instruction objectionable for the further reason that it can be read as a subtle modification of the standard reasonable doubt charge mandated for use by *State v. Wentworth*, 118 N.H. 832, 838–39, 395 A.2d 858, 862–63 (1978). Instruction 1.29-a should not, therefore, be employed again under any circumstances. For the future, we direct that the language most recently referred to in *State v. Niquette*, 122 N.H. 870, 874, 451 A.2d 1292, 1294 (1982) be used whenever it is appropriate to advert to the possibility of unnecessary deadlock:

"The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges—judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case."

*See* ABA Standards for Criminal Justice, *Trial by Jury*, Standard 15-4.4(a), at 15-134 (2d ed. 1986).

The defendant submits that the erroneous tendency of the instruction was magnified by its delivery before the jury began deliberation, rather than after they had reached an apparent deadlock. He argues that the pre-deliberation emphasis on the exceptional character of the juror who may lean toward acquittal because of reasonable doubt unduly tended to discourage such a possibility, to the point of obscuring the law and shifting the burden of proof.

The record does not, however, support the defendant's position. We would be skeptical about his argument even if the instruction in question stood alone, but an examination of the whole charge reveals no reversible error. *See State v. Brown*, 128 N.H. 606, 615, 517 A.2d 831, 837 (1986) (jury charge should be judged in entirety). The judge not only gave the *Wentworth* charge on reasonable doubt, but also emphasized the application of the State's burden of proof to the vigorously contested issue of identity:

"I again emphasize that the burden of proof on the State extends to every element of the crime charged and this specifically includes the burden of proof beyond a reasonable doubt that the identity of the defendant as the

perpetrator of the crimes with which he stands charged [be established]."

To argue in light of this instruction that the jury charge stifled the opportunity for finding reasonable doubt and effectively shifted the burden of proof requires some boldness.

Although we disapprove any further use of the pattern instruction in issue here, we conclude that, in the context of the entire charge, the disputed instruction did not realize its potential for error.

*Affirmed.*

All concurred.