THE STATE OF NEW HAMPSHIRE

v.

EDWARD BUNDY, JR.

April 1, 1988

*Stephen E. Merrill*, attorney general (*Robert B. Muh*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

PER CURIAM. A jury convicted the defendant, Edward Bundy, Jr., of theft by unauthorized taking (of an automobile), RSA 637:3, and the trial court sentenced him to twelve months in the Cheshire County House of Correction, suspending all but thirty days. The defendant challenges his conviction on the ground that the Trial Court (*O'Neil*, J.) erred in its response to a question posed by the jury during deliberations. Finding no error, we affirm.

The facts of this case that are pertinent to the issue raised on appeal can be stated briefly. Tom Ward and the defendant, Edward Bundy, Jr., took a Datsun automobile owned by Robert Budd from the parking lot of the Park Place Restaurant in North Swanzey. Tom Ward drove the car, while the defendant occupied the passenger seat. Shortly after taking the car, Ward and the defendant abandoned it in a snowbank.

During deliberations, the jury sent a question to the trial judge asking: "Does the law read that a person has to be driving a car to be charged with the theft?" The trial court replied: "The answer is no." The jury found the defendant guilty of theft, and he appeals

on the ground that the trial court's answer to the jury's query was reversible error.

The defendant acknowledges that the trial court's answer was legally correct, but charges that it was, nevertheless, incomplete, misleading and intrusive of the jury's exclusive authority to resolve factual disputes and, therefore, that it violated the defendant's constitutional right to a jury trial.

█ We have long recognized the rule that a claim of an erroneous jury charge must be evaluated by reading the alleged offending portion in the context of the trial court's whole charge. *State v. Brown*, 128 N.H. 606, 615, 517 A.2d 831, 837 (1986); *Poulin v. Provost*, 114 N.H. 263, 265, 319 A.2d 296, 298 (1974). An examination of the supplemental charge at issue, when read and evaluated in the context of the facts of this case, reveals no prejudice to the defendant and hence no reversible error. *See State v. Jordan*, 130 N.H. 48, 49, 534 A.2d 378, 379 (1987).

Under the facts of this case, the trial court's supplemental charge could not possibly have invaded the jury's exclusive fact-finding province. *See Ewing v. Burnet*, 36 U.S. (11 Pet.) 41, 50–51 (1837). The evidence that Tom Ward was the driver of the stolen vehicle was uncontroverted. The defendant himself testified to this fact. Thus, the jury could only have been concerned with the purely legal question of whether a person could be guilty of theft of an automobile when he was not the operator of the stolen car. The defendant concedes that the trial court's answer to the jury's inquiry was legally correct, and we do not find the trial court's supplemental charge to be misleading or incomplete.

We find *State v. Frederick*, 32 Wash. App. 624, 648 P.2d 925 (Ct. App. 1982), *rev'd on other grounds*, 674 P.2d 136 (Wash. 1983), to be persuasive. The jury submitted to the court a request for supplementary instructions which asked: "Does the law preclude a knife of less than three inches long of being a deadly weapon?" *Id.* at 625, 648 P.2d at 926. The court answered in writing "No." *Id.* On appeal, the trial court's supplementary instruction was upheld, since, as here, both counsel were present and apprised of the jury's question, the question was unambiguous, and the court's response was legally correct. The court's response, as in the present case, was confined to a wholly legal issue and, therefore, did not usurp the jury's exclusive fact-finding authority. *Id.* at 626, 648 P.2d at 927.

In contrast, in *State v. Jones*, 125 N.H. 490, 484 A.2d 1070 (1984), upon which the defendant relies, the jurors asked the court for a supplementary instruction concerning whether "the lack of a signature on Mr. Jones' statement [meant] a complete denial of the

statement." *Id.* at 492, 484 A.2d at 1071. (In *Jones*, the defendant claimed that he did not sign the statement because it was not true.) The court responded: "[t]he answer is no." *Id. Jones* is distinguishable from this case because, in *Jones*, the court's response created a realistic danger that the jury would be misled by mistaking an answer to an open-ended legal question for a definitive answer to a factual issue.

As *Jones* pointed out, a lawyer would likely have interpreted the court's response to the supplementary query as meaning that the absence of the defendant's signature on his statement did not compel the conclusion that the defendant denied the truth of his entire statement and, therefore, that more than one factual interpretation of the signature's absence was possible. *Id.* at 494, 484 A.2d at 1073. A juror, on the other hand, might well have interpreted the court's response to mean that the defendant's refusal to sign the statement did not constitute a complete retraction of it; that is, a juror could easily have regarded the court's response as the resolution of a factual issue rather than as a statement of the law which left the factual issue open, to be decided by the jury. *Id.*

In the present case there was no danger that jurors would mistake the court's response to a legal question for a definitive answer to a disputed factual question. The query which the jurors posed plainly asked what the law requires, and the court plainly answered that the law *does not* require one to be driving an automobile in order to be charged with the theft of that automobile.

■ We conclude that the defendant has failed to show that the trial court's supplementary instruction to the jury was incomplete, misleading or violative of his constitutional right to have a jury decide the facts necessary for a finding of guilt based on a correct legal charge. On the contrary, the instruction was unambiguous, legally correct and, in light of the clarity and specificity of the jury's question, entirely appropriate. We therefore affirm the decision of the trial court.

*Affirmed.*