Rockingham
No. 87-323

THE STATE OF NEW HAMPSHIRE

v.

ROBERT PRISBY

October 31, 1988

*Stephen E. Merrill*, attorney general (*Kathleen A. McGuire*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

### MEMORANDUM OPINION

SOUTER, J. After a jury trial in the Superior Court (*Gray*, J.), the defendant was convicted of conspiring to commit theft from an

Exeter school, RSA 629:3, and as an accomplice to the theft, RSA 626:8. The evidence indicated that he was the school's custodian who committed the offenses by enlisting others to break into the building to steal the school's computers, and by briefing the burglars on the building's layout and the appropriate window for entry. There was uncontradicted testimony that, after the defendant had given the burglars a screwdriver to pry open the window, he drove away from their meeting place in an Exeter parking lot and they proceeded to burglarize the school.

During deliberations, the jurors asked three questions, in answering the second of which the trial judge is claimed to have invaded the jury's province to find and evaluate the facts. The following colloquy is on the record:

"[The Court]: The second question is, 'Where was Prisby at the time of the crime?' I guess this is the main reason why I brought you in. If you mean on the crime of theft of the computers I will ask you to look at the—Madam Forelady, is that what you mean when you say the crime? You mean the theft of the computers are the crimes with which he is charged?

[Juror]: At that time, yes.

[The Court]: At the time the computers were stolen?

[Juror]: Yes.

[The Court]: It makes no difference because he is not accused of stealing computers, that is not the charge in this case. So his presence or his whereabouts at the time of the offense of the theft . . . is immaterial, has no bearing on the issue of guilt or innocence on the offenses with which he is charged."

The defendant concedes that proof of his presence at the school was unnecessary to satisfy the elements of either conspiracy or accomplice liability. But he argues that his whereabouts at the time of the burglary was a subject of evidentiary fact for the jury to consider as having some relevance under each charge, so that an absence of evidence on this point could likewise be considered relevant. Thus he claims that branding his whereabouts as

"immaterial" impermissibly removed the matter from the jury's consideration. *See* N.H. R. Ev. 401 (relevance tied to tendency to make existence of fact of consequence more or less probable).

 The instruction must be judged as a reasonable juror would probably have understood it, *see State v. Jones*, 125 N.H. 490, 494, 484 A.2d 1070, 1073 (1984), and the defendant's position must be evaluated in the context of the whole charge and in light of all the evidence in the case, *State v. Bundy*, 130 N.H. 382, 539 A.2d 713 (1988). If, then, the defendant could have argued consistently with the evidence that his whereabouts at the time of the burglary was so uncertain as to cast doubt on the testimony offered to prove conspiracy and accomplice conduct, he would have a plausible basis to claim now that a reasonable juror could have understood the judge to be instructing that a relevant factual consideration should be ignored. In such circumstances, a juror could have understood the judge to be saying that the failure of the evidence to indicate the defendant's location at the moment of the burglary was not to be weighed in deciding whether the State had carried the burden of proof, and the instruction would have been error. On the record before us, however, the defendant could not plausibly have made any such argument, and he made none. Uncontradicted evidence showed that he was no farther from the school than he could have driven after leaving the final rendezvous with the burglars. His location could not reasonably have been held to be significant, and the defendant did not claim that it was. The instruction did not, therefore, invade the jurors' province by diverting them from any reasonable line of factual analysis they might otherwise have pursued.

The defendant also assigns error to the court's denial of a motion to suppress an out-of-court identification of him, which he claims to have resulted from an unduly suggestive photo array, as well as his in-court identification by the same witness, which he claims to have been tainted for the same reason. In response to the motion, the State represented that it would not offer the former and argued that the defendant had failed to challenge the latter by anything beyond wholly conclusory allegations. The State's counsel further noted that she had received the motion to suppress only on the morning of trial, and defense counsel admitted to the court that he had made no effort to see the actual photo array.

 In denying trial counsel's motion without evidentiary hearing, the trial court committed no error. The pleading was untimely, under the general rule that suppression motions in the superior court are to be filed either in accordance with a specific

60

scheduling order or within ten days after entry of a plea of not guilty. SUPER. CT. R. 94. Although the court can modify this rule by order and may act upon a motion to do so at any time as a matter of discretion, defendants are not entitled to assume that a judge will exercise discretion to entertain such a motion at the eleventh hour.

The motion suffered from the further defect of a supporting affidavit that set forth no "specific[ ] facts and grounds" upon which the motion was based, *id. See State v. Vasquez*, 122 N.H. 878, 880–81, 451 A.2d 1297, 1298 (1982) (defendant requesting line-up must show reasonable likelihood of misidentification). It is, moreover, apparent from the record that the reason for counsel's failure to specify facts or grounds was simply his failure to try to discover any.

██ The trial judge was therefore acting within the letter of the rules and the limits of reasonable discretion when he denied the untimely motion. He could, indeed, have done more. When, as here, counsel demonstrates no excuse for such egregious failures to comply with the rules of court and to satisfy the standards those rules prescribe, trial judges may properly report such behavior to the Committee on Professional Conduct. *See* RULE OF PROFESSIONAL CONDUCT 3.2 ("[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client"); *cf. State v. Baker*, 127 N.H. 801, 803–04, 508 A.2d 1059, 1061 (1986) (request for *Howard* hearing during trial violated no rule prescribing timely practice).

*Affirmed.*

All concurred.