Hillsborough-northern judicial district
No. 95-440

THE STATE OF NEW HAMPSHIRE

v.

DAVID A. ROSS

November 7, 1996

*Jeffrey R. Howard,* attorney general (*Mark D. Attorri,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J. The defendant, David A. Ross, appeals his conviction after a jury trial in Superior Court (*Lynn,* J.) of aggravated felonious sexual assault and misdemeanor sexual assault. *See* RSA 632-A:2, I(b) (Supp. 1995); RSA 632-A:4 (1986). We reverse and remand.

This case arises out of a sexual encounter between the complaining witness and the defendant at the defendant's office on July 19, 1993. Earlier that month, the defendant, an attorney, had agreed to represent the complainant in connection with a dispute relating to the administration of her father's estate. On July 19, several days after the parties to that dispute agreed to try to resolve the matter among themselves, the defendant telephoned the complainant at her home and asked her to come to his office "to pick up some important papers." The complainant arrived at the defendant's office, and the two proceeded to discuss legal documents for five to ten minutes. The complainant contends that the defendant thereafter sexually assaulted her during this office visit.

On July 21, the complainant spoke with the Manchester police and gave them the pants she had been wearing during the encounter. Laboratory analysis confirmed the presence of the defendant's seminal material on the complainant's pants. The defendant was

ultimately charged with one count each of misdemeanor sexual assault and aggravated felonious sexual assault. His first trial ended with a hung jury, but the defendant was tried again and convicted on both counts. In addition, the complainant instituted a civil suit against the defendant.

On appeal, the defendant raises three issues. First, he argues that during closing argument the prosecutor made sarcastic and denigrating remarks about the integrity of lawyers. He argues that because he is a lawyer the remarks amounted to an appeal to the jurors' prejudice and a request that the jurors decide the case on an improper basis. The defendant, however, first objected to the remarks in a post-trial motion filed one week after the jury returned its verdict. "[A] criminal defendant's failure to object to allegedly prejudicial statements in a prosecutor's opening or closing argument precludes consideration of the issue on appeal." *State v. Wong*, 138 N.H. 56, 66, 635 A.2d 470, 476–77 (1993). Because the defendant did not object to the remarks at the time they were made, we do not address the merits of his argument. *See id.*

Next, the defendant argues that his defense theory attacking the complainant's credibility was undermined by the trial judge's instruction to the jury that "[i]t is not unusual for an alleged wrongful act to give rise to both a criminal prosecution and a related civil lawsuit." Specifically, he argues that the instruction "invade[d] the jurors' province by diverting them from [a] reasonable line of factual analysis they might otherwise have pursued." *State v. Prisby*, 131 N.H. 57, 59, 550 A.2d 89, 90 (1988). We agree.

The defendant argued at trial that the complainant was pursuing the criminal case in order to strengthen her civil claim. At the conclusion of the trial, the court instructed the jury on the difference between criminal and civil law and explained that "if [the complainant] was in fact sexually assaulted by the defendant as she alleges, then she has every right to bring a private civil lawsuit against him." The defendant argues not that this instruction was improper, but that the court's subsequent statement amounted to an improper finding of fact; namely, that such dual proceedings are not unusual. No evidence was presented at trial on the factual issue of whether it is usual or unusual for a wrongful act to give rise to both a criminal prosecution and a civil lawsuit.

The trial judge's instruction constituted a factual finding on whether dual proceedings were commonplace and therefore eclipsed the permissible preceding statement of pure law. *See State v. Bundy*, 130 N.H. 382, 383, 539 A.2d 713, 713–14 (1988). A juror might well

have interpreted the court's statement to mean that the complainant's pending civil suit had no bearing on her credibility as a witness in the criminal trial as a matter of law. *See id.* at 383–84, 539 A.2d at 714. We conclude that the trial judge "invaded the exclusive province of the jury to decide what facts are proved by competent evidence." *State v. Jones*, 125 N.H. 490, 494, 484 A.2d 1070, 1073 (1984) (quotation omitted).

Last, the defendant argues that the trial judge erred by allowing two witnesses to testify about the complainant's honest and truthful character when the defendant had not first introduced evidence attacking her truthful character. *See* N.H. R. EV. 608(a)(2). Again, we agree.

Rule 608(a) provides as follows:

> (a) *Opinion and reputation of character.* The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) The evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

We note that New Hampshire Rule of Evidence 608(a) is identical to Federal Rule of Evidence 608(a). *See* FED. R. EVID. 608(a). We will, therefore, look to cases interpreting the federal rule to guide us in this decision. *See State v. Kiewert*, 135 N.H. 338, 343, 605 A.2d 1031, 1034 (1992). At issue in this case is whether the State was justified in putting on opinion and reputation testimony as to the complainant's character for truthfulness under Rule 608(a)(2). The trial judge ruled that the defendant had "clearly attacked [the complainant's] credibility in cross-examination." The State argues that the trial court properly allowed the evidence because the defendant attacked the complainant's character by claiming that she fabricated a criminal charge for financial gain. We review the trial court's ruling for an abuse of discretion. *See United States v. Dring*, 930 F.2d 687, 691 (9th Cir. 1991), *cert. denied*, 506 U.S. 836 (1992).

> The purpose of Rule 608(a)(2) is to encourage direct attacks on a witness's veracity *in the instant case* and to discourage peripheral attacks on a witness's general character for truthfulness. To this end, the Rule prohibits rehabilitation by character evidence of truthfulness after direct attacks on a witness's veracity in the instant case.

However, the Rule permits rehabilitation after indirect attacks on a witness's *general character for truthfulness.*

*Dring,* 930 F.2d at 690–91 (emphasis added) (footnote omitted).

It is axiomatic that an accused may highlight a complaining witness's interest in the outcome of the accused's case. *See, e.g.,* Annotation, *Right to Cross-Examine Prosecuting Witness As To His Pending Or Contemplated Civil Action Against Accused For Damages Arising Out Of Same Transaction,* 98 A.L.R.3D 1060 (1980). Such cross-examination, even if vigorous, is proper "in order to demonstrate any possible bias or prejudice arising out of the witness' financial interest in the outcome of the prosecution." *Id.* at 1063 (footnote omitted); *see United States v. Thomas,* 768 F.2d 611, 618 (5th Cir. 1985); *State v. Kellogg,* 350 So. 2d 656, 658 (La. 1977). "[A]rguing that the [witness's] testimony is not credible does not constitute an attack on the [witness's] reputation for truthfulness within the meaning of [Federal] Rule 608." *United States v. Danehy,* 680 F.2d 1311, 1314 (11th Cir. 1982); *see also United States v. Jackson,* 588 F.2d 1046, 1055 (5th Cir.), *cert. denied,* 442 U.S. 941 (1979).

Of course, "a slashing cross-examination may carry strong accusations of misconduct and bad character," amounting "to the kind of indirect attack on truthfulness embodied by evidence of bad reputation, bad opinion of character for truthfulness, conviction of crime, or eliciting from the witness on cross-examination acknowledgment of misconduct which has not resulted in conviction." *Dring,* 930 F.2d at 692 (quotations omitted). Nevertheless, absent proof of conduct rising to the level of corruption, *see United States v. Medical Therapy Sciences, Inc.,* 583 F.2d 36, 41 (2d Cir. 1978), *cert. denied,* 439 U.S. 1130 (1979); *First Nat. Bank v. Blakeman,* 91 P. 868, 871 (Okla. 1907); 3 J. WEINSTEIN ET AL., WEINSTEIN'S EVIDENCE ¶ 608[08], at 608–118 to 608–119 (1996); 1 J. STRONG, MCCORMICK ON EVIDENCE § 47, at 175 (4th ed. 1992), "evidence of a witness's bias for or against a party in the instant case, or evidence of a witness's interest in the outcome of the instant case, constitutes a direct attack that does not trigger rehabilitation under Rule 608(a)." *Dring,* 930 F.2d at 691; *see* FED. R. EVID. 608 advisory committee's note; 3 WEINSTEIN, *supra;* 4 J. WIGMORE, EVIDENCE § 1107(A), at 240 (Chadbourn rev. 1972). "'Evidence of corruption,' refers to evidence of prior corrupt conduct including but not limited to forgery, fraud, bribery, false pretenses, cheating, and embezzlement." *Dring,* 930 F.2d at 691 n.3.

■ Here, the defendant questioned the complainant extensively about her pending civil suit against him. He also argued to the jury

that the criminal prosecution was "about money," that money was "what she's after." This attempt to demonstrate bias or interest on the part of the complainant did not amount to an attack on the complainant's general character for truthfulness. *See id.* at 690–91. Accordingly, it was error for the trial court to allow the State to present opinion or reputation testimony as to the complainant's truthful character. *See* N.H. R. EV. 608(a)(2).

*Reversed and remanded.*

All concurred.