Hillsborough-northern judicial district
No. 96-152

## THE STATE OF NEW HAMPSHIRE

v.

## GORDON K. PARKER

September 26, 1997

320

*Steven M. Houran*, acting attorney general (*John A. Stephen*, assistant attorney general, on the brief and orally), for the State.

*Kinghorn & Maynard, P.A.*, of Nashua (*Steven L. Maynard* on the brief and orally), for the defendant.

JOHNSON, J. The defendant, Gordon K. Parker, was convicted of driving while intoxicated (DWI), second offense, *see* RSA 265:82 (1993)(amended 1995, 1996); RSA 265:82-b, I(b) (1993) (amended 1995, 1996), after a jury trial in superior court. On appeal, he argues that the prosecutor's comments concerning his refusal to submit to a blood alcohol test, *see* RSA 265:84 (Supp. 1994) (amended 1995); RSA 265:87 (Supp. 1996); RSA 265:88-a (1993); RSA 265:92 (1993 & Supp. 1996), and the Superior Court's (*Sullivan*, J.) instruction to the jury regarding the defendant's refusal, improperly shifted the burden of proof from the State to the defendant and deprived him of his right to a fair trial. We affirm.

The following facts were adduced at trial. The defendant was observed by local police driving erratically on Route 101 in Amherst. The officer on patrol stopped the defendant's vehicle and, when he approached, observed that the defendant was slumped over in the driver's seat and that a strong odor of alcohol emanated from inside the car. Additionally, the officer testified that the defendant's eyes were bloodshot and his speech was difficult to understand. The defendant was unable to complete the field sobriety test administered by the patrol officer and was arrested for DWI. At the local police station, the officer read the defendant the implied consent form pursuant to RSA 265:84 and :87. The defendant was told that he had the right to refuse the test, *see* RSA 265:92, but that such

refusal would result in the suspension of his driver's license and might be admissible into evidence at trial. *See* RSA 265:88-a; *State v. Cormier*, 127 N.H. 253, 258, 499 A.2d 986, 989 (1985). The defendant refused to answer questions posed by the officer, instead requesting to speak with his attorney, and his conduct was deemed a refusal. *See Jordan v. State*, 132 N.H. 34, 36, 561 A.2d 1078, 1080 (1989).

At trial, the patrol officer testified as to the defendant's apparent intoxication and his refusal to take the blood alcohol test. In response, the defendant offered a number of alternative explanations for the evidence of impairment presented by the State. The defendant was convicted of DWI, second offense, and this appeal followed.

■ On appeal, the defendant argues that certain statements regarding his refusal to take the blood alcohol test made by the prosecutor during closing arguments, and by the court in its instructions to the jury, improperly suggested that it was his duty to prove his lack of intoxication. The relevant statutory provisions state, in pertinent part: "Any person who drives a vehicle upon the ways of this state shall be deemed to have given consent to physical tests and examinations for the purpose of determining whether he is under the influence of intoxicating liquor or controlled drugs . . . ." RSA 265:84. An individual may refuse to take a blood alcohol test, *see* RSA 265:92, but such refusal "may be admissible into evidence in a civil or criminal action." RSA 265:88-a. Conduct that improperly shifts the burden of proof to a defendant in a criminal trial, however, implicates the defendant's due process rights under part I, article 15 of the New Hampshire Constitution, *cf. In re Sanborn*, 130 N.H. 430, 441-42, 545 A.2d 726, 733-34 (1988), and the fourteenth amendment to the Federal Constitution, *see Mullaney v. Wilbur*, 421 U.S. 684, 704 (1975).

## I. Improper Argument

The defendant first alleges that the prosecutor's statements during closing arguments regarding his deemed refusal to take the blood alcohol test were improper. The prosecutor urged the jury to "ask yourselves why the defendant would not submit to the test if he had nothing to hide? Wouldn't a person want to take a test so everyone would know that he wasn't over the legal limit?" Defense counsel objected, arguing at the bench that the prosecution was attempting to shift the burden of proof to the defendant by "suggesting that the defendant has to prove that he's not guilty."

The trial judge overruled counsel's objection, finding that "[a]ll [the prosecution is] doing is suggesting that [the defendant's] reason for not taking the test is that he was concerned that the test might prove that he was intoxicated, and it's proper argument." After the bench conference concluded, the prosecutor again argued to the jury: "As I was saying, ask yourselves why the defendant would not submit to the test if he had nothing to hide."

■ The defendant urges reversal on both due process and self-incrimination grounds. We need not address the defendant's State Constitutional claims, since when he objected to the prosecutor's comments at trial, he did not mention the State Constitution either generally or by citing a specific provision. *State v. Fowler*, 132 N.H. 540, 545, 567 A.2d 557, 559-60 (1989). Furthermore, the defendant also failed to specifically invoke a provision of our constitution in his notice of appeal or the relevant section of his brief. *See, e.g., Belcher v. Paine*, 136 N.H. 137, 149, 612 A.2d 1318, 1326 (1992); *State v. Dellorfano*, 128 N.H. 628, 632, 517 A.2d 1163, 1166 (1986). We accordingly consider only his federal constitutional claims. *See Fowler*, 132 N.H. at 545, 567 A.2d at 560.

■ The defendant first argues that the prosecutor's comments improperly shifted the burden of proof to the defendant because they implied that he had the obligation to present evidence of his innocence by taking the blood alcohol test. He asserts that "[a]n argument that misstates the presumption of innocence or the burden of proof in a criminal case is constitutionally infirm." Due process requires that the State prove each element of the crime charged beyond a reasonable doubt. *See Mullaney*, 421 U.S. at 685, 704; *In Re Winship*, 397 U.S. 358, 359-64 (1970). Accordingly, we must determine whether the prosecutor's comments were unfair and so infected the entire trial as to deprive the defendant of due process of law under the fourteenth amendment. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

■ We conclude that the comments at issue did not impermissibly shift the State's burden of proof. Rather, the prosecutor properly suggested that the reason the defendant did not take the test was because the results might show he was intoxicated, and that the jury may consider this evidence when determining whether the State had met its burden. *See* RSA 265:87; *cf. State v. Bureau*, 134 N.H. 220, 224, 589 A.2d 1013, 1015-16 (1991) (prosecutor may argue fair inferences from the facts presented at trial). Thus "we simply do not believe that this incident made [the defendant's] trial so

fundamentally unfair as to deny him due process." *Donnelly*, 416 U.S. at 645.

██ The State casts the defendant's argument as raising a claim based on the constitutional privilege against self-incrimination. *See Fowler*, 132 N.H. at 544-45, 567 A.2d at 560. Offering evidence of a defendant's refusal to take a blood alcohol test, however, does not implicate a defendant's right not to furnish evidence against himself under the fifth and fourteenth amendments to the Federal Constitution. *See South Dakota v. Neville*, 459 U.S. 553, 564 (1983); *cf. Cormier*, 127 N.H. at 260, 499 A.2d at 990 (decided under part I, article 15 of the State Constitution). Accordingly, to constitute reversible error, the prosecutor's argument must "have caused aggravated circumstances to develop which seriously prejudiced a defendant, causing him reasonably to conclude that continuation of the tainted proceeding would result in his conviction." *State v. Vandebogart*, 139 N.H. 145, 160, 652 A.2d 671, 680 (1994) (quotation omitted). As noted above, the prosecutor's comments merely invited the jury to draw the permissible inference that the defendant refused to take the blood alcohol test because he feared it might show that he was intoxicated. *Cf. id.* (during closing argument, prosecutor may draw reasonable inferences from evidence presented). Accordingly, we find no error in the prosecutor's closing argument.

## II. *Improper Jury Instructions*

The defendant next argues that the court erroneously instructed the jury on the implied consent law. The court instructed the jury that

> [t]he defendant may refuse to take the test. But his refusal to take the test may be considered by you as evidence of guilt provided you are satisfied beyond a reasonable doubt that he was advised that his refusal could be used against him in court.
>
> You may also consider the reasons given by the defendant for not taking the test, including whether the defendant had a valid reason for not taking the test that had nothing to do with guilt as bearing on the question of whether the refusal to take the test is evidence of guilt or not evidence of guilt. It is up to you to determine whether the defendant's refusal to take or perform certain tests was because he feared the results might tend to prove that he was under the influence

of intoxicating liquor or because of the reasons he gave for refusing to take the test.

The defendant argues that this instruction violated his right to due process of law under the New Hampshire Constitution because it "did not fairly and properly advise the jury as to the proper use of evidence of a refusal . . . and improperly shifted the burden of proof." "We have long recognized the rule that a claim of an erroneous jury charge must be evaluated by reading the alleged offending portion in the context of the trial court's whole charge." *State v. Bundy*, 130 N.H. 382, 383, 539 A.2d 713, 713 (1988); *see also Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973). We will not reverse a jury verdict if the disputed charge "fully communicates the relevant applicable law and standards to be followed by the jury." *State v. Sands*, 123 N.H. 570, 613, 467 A.2d 202, 230 (1983).

■ We conclude that the defendant's argument that the instruction improperly shifted the burden of proof is without merit. During the course of the entire instruction, the court explicitly advised the jury as to the State's burden of proof a number of times. *Cf. Cupp*, 414 U.S. at 147. Furthermore, the instruction regarding the jury's role in determining whether the defendant's refusal indicated that he was in fact intoxicated merely informed the jury that it could consider this evidence when determining whether the State had satisfied its burden. Viewing the court's instructions in their entirety, we hold that they did not modify the presumption of innocence or dilute the State's burden of proof.

■ ■ The defendant also contends that the court focused the jurors' attention on a factual analysis that they might not have otherwise pursued because the instructions required the jury to attach evidentiary significance to what might otherwise have been viewed as a fact of no consequence. We disagree. Jury instructions are designed to give jurors neutral guidance on the law by which to evaluate testimony. Instructions are appropriate if they properly state the law and allow the jurors to exercise their own judgment in evaluating conflicting testimony. *See Bundy*, 130 N.H. at 384, 539 A.2d at 714; *Cupp*, 414 U.S. at 149. The court correctly informed the jury that every driver is deemed by statute to have consented to a blood alcohol test, *see* RSA 265:84, but that the defendant could still refuse to submit to a blood alcohol test. *See* RSA 265:92. The instructions left the jurors free to decide whether the defendant's refusal was of consequence, and to draw such rational inferences from the refusal as they deemed appropriate. Contrary to the

defendant's assertion, the instructions did not *require* the jury to infer guilt from the defendant's refusal. Rather, the court specifically instructed the jury that, after considering all the testimony, "[i]t is up to you to determine whether the refusal to take the test is evidence of guilt or not." Thus, the instruction simply described a permissible inference and did not improperly invade "the exclusive province of the jury to decide what facts are proved by competent evidence." *State v. Ross*, 141 N.H. 397, 400, 685 A.2d 1234, 1235 (1996) (quotation omitted).

*Affirmed.*

All concurred.