Strafford
Nos. 97-459
97-690

### THE STATE OF NEW HAMPSHIRE

v.

### ROBERT DINGMAN

August 3, 1999

*Steven M. Houran*, deputy attorney general (*John P. Kacavas*, senior assistant attorney general, on the brief and orally), for the State.

*Donald E. Bisson* and *Risa Evans*, assistant appellate defenders, of Concord (*Mr. Bisson* and *Ms. Evans* on the brief, and *Ms. Evans* orally), for the defendant.

### MEMORANDUM OPINION

BROCK, C.J. After a jury trial in Superior Court (*Mohl*, J.), the defendant, Robert Dingman, was convicted of two counts of first degree murder, *see* RSA 630:1-a (1996), and one count of conspiracy to commit first degree murder, *see* RSA 629:3 (1996); RSA 630:1-a. The defendant appeals, arguing that the trial court denied his right

to a trial by jury by answering an ambiguous question from the jury without seeking clarification or, in the alternative, by improperly instructing the jury in response to its question. We affirm.

The defendant was indicted for murdering his parents with his younger brother. During deliberations, the jury sent out the following question:

> If an individual juror, when considering evidence, speculates [the defendant] may not have been involved and further this juror provides other possible scenarios conforming to the evidence as that juror sees it, does this constitute reasonable doubt?

The trial court answered the question as follows:

> Each individual juror is required to follow the court's instructions in their entirety. Any conclusions you reach must be based on the evidence introduced at trial, not on guesswork or speculation. You should rely on all the evidence and the reasonable inferences from that evidence. "Inferences" are conclusions which reason and common sense lead you to draw from the facts that are proven to your satisfaction. A doubt based on reason, is a reasonable doubt. A doubt based on speculation is not a doubt based on reason.

■ On appeal, the defendant argues that the jury question was ambiguous and that the trial court should have either engaged in further dialogue with the jury to ascertain its specific meaning, or referred them to the instructions already given. He alleges that by failing to ascertain the meaning of the jury's question, the trial court could not have responded in a concrete and unambiguous manner. The defendant contends that this created a risk that the court's answer violated his right to a trial by jury under Part I, Article 15 of the New Hampshire Constitution and the Sixth Amendment to the United States Constitution. Because "the constitutional dimension of the defendant's argument was not called to the trial court's attention, nor . . . raised in the notice of appeal[,] . . . we . . . consider his argument under an abuse of discretion standard . . . ." *State v. Plante*, 134 N.H. 456, 459, 594 A.2d 1279, 1282 (1991).

The defendant contends that the trial court erred when it concluded that the word "speculates" in the question meant the jury was asking, "[C]an we speculate and conclude that that's reasonable doubt?" He argues that the question could be interpreted several

ways and, therefore, was ambiguous. We disagree. The question from the jury was not ambiguous and the trial court's instruction responding to it was, under the circumstances, appropriate.

"The response to a jury question is left to the sound discretion of the trial court." *State v. Hammell*, 139 N.H. 404, 406, 653 A.2d 1122, 1123 (1995). "The instruction must be judged as a reasonable juror would probably have understood it and the defendant's position must be evaluated in the context of the whole charge and in light of all the evidence in the case." *State v. Prisby*, 131 N.H. 57, 59, 550 A.2d 89, 90 (1988) (citations omitted).

■ We hold that the trial court did not abuse its discretion. The court's answer distinguished impermissible "guesswork or speculation" from permissible "inferences" that reason and common sense allow a juror to draw from the facts. The answer stated that a doubt is reasonable if it is based on "inferences" from the evidence and not "speculation." A reasonable juror would have understood the court's answer to indicate that inferences based on the evidence are permissible, while naked speculation is impermissible. Finding no error in the trial court's answer to the jury's question, we affirm.

*Affirmed.*

All concurred.