Belknap
No. 2002-765

THE STATE OF NEW HAMPSHIRE

v.

NATHAN T. POOLE

Argued: October 8, 2003
Opinion Issued: December 5, 2003

*Peter W. Heed,* attorney general (*N. William Delker,* senior assistant attorney general, on the brief and orally), for the State.

*Matthew J. Lahey, P.A.,* of Laconia (*Matthew J. Lahey* on the brief and orally), for the defendant.

NADEAU, J. The defendant, Nathan T. Poole, appeals his conviction, following a jury trial in Superior Court (*Smukler,* J.), for simple assault, *see* RSA 631:2-a (1996). He argues that the trial court's response to a jury question constructively amended the complaint to his prejudice. We reverse and remand.

The following facts were recited by the trial court in its order on the defendant's motion to vacate, or appear in the record. The defendant was charged by complaint with, among other things, simple assault on his wife. The complaint alleged that on December 22, 2001, at 7:00 p.m., the defendant committed "the crime of simple assault in that he knowingly caused unprivileged physical contact with Kristine Poole by pinching her arm."

Although the defendant did not request a bill of particulars or file a notice of intent to present an alibi defense, the State had notice of the defendant's alibi defense because the prosecutor knew he had presented it in a previous trial in the district court. Prior to trial, the State moved to strike the 7:00 p.m. reference from the complaint, as time is not an element of the offense. The motion was granted without objection.

At trial, the victim testified that the assault occurred on Saturday, December 22, 2001, between approximately 7:00 p.m. and midnight, at the home she shared with the defendant. The victim also testified that once the altercation began, the defendant never left the house. The defendant testified that on December 22, 2001, he worked from 10 a.m. to 7 p.m. playing Santa Claus at the Belknap Mall, after which he went to a gas station to get gas and then to Burger King in Laconia. He testified that he spent approximately forty-five minutes at Burger King, eating and possibly reading the paper, before heading to his cleaning job at the Tilton Outlet Mall. He stated that he worked there from approximately 9 p.m. to

sometime between 11:45 and midnight, and returned home slightly before or after midnight. The defendant also produced a receipt from the station at which he stopped, reflecting a purchase of gas at 7:13 p.m. on December 22, 2001.

During deliberations, the jury asked the following question: "Are we allowed to consider the possibility that physical abuse may have happened, but *not* necessarily on the day (12/22/01)?" The court replied: "Although the date is not an element of the offense, the state is required to prove the crime charged. The complaints in this case charge crimes that occurred on December 22, 2001."

After additional deliberation, the jury again asked:

> Regarding the issue of
>> a) crime to be proven
>>> vs.
>> b) [d]ate on which it occurred
>
> Do we have to take into account the date equal to the crime charged?
> i.e.[,] if we think the crime happened, but *not* necessarily on that date, are we permitted to consider this line of reasoning?

The court responded:

> The date is not an element of the crimes charged. Therefore, on any of the complaints, you may find the defendant guilty of the crime with which he is charged, even if you find that the state was mistaken as to the specific date or time. In other words, if you find that the state has proved all of the elements of the crime with which the defendant is charged beyond a reasonable doubt, you should find the defendant guilty. If you find that the state has failed to prove any one or more of the elements of the crime with which he is charged beyond a reasonable doubt, you must find the defendant not guilty.

The jury found the defendant guilty of simple assault.

On appeal, the defendant contends that the court's response to the first question was proper, and concedes that the date was not an element of the offense, but argues that the answer to the second question constructively amended the complaint to his prejudice. "The response to a jury question is left to the sound discretion of the trial court." *State v. Dingman*, 144 N.H. 113, 115 (1999). Thus, we must determine whether the trial court unsustainably exercised its discretion. *See id.*; *State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

In addition, "[a] claim that the trial court erroneously instructed or refused to instruct the jury, or refused to answer a jury question in language requested by the defendant, must be evaluated in the context of the entire charge and all of the evidence." *State v. Hammell*, 139 N.H. 404, 406 (1995).

The State concedes that the trial court constructively amended the complaint when it instructed that the jury was not required to find that the crime occurred on the date alleged. Moreover, the parties agree that the date of the offense in this case is a "middle-tier" allegation within the meaning of *State v. French*, 146 N.H. 97 (2001), in that it is neither an element of the offense nor a "cumulative or superfluous detail[] that may be properly disregarded as surplusage," *id.* at 100 (quotation and brackets omitted). Thus, the parties agree that the appropriate standard for determining whether the amendment was impermissible is whether it prejudiced the defendant.

The defendant argues that he relied upon the date specified in the complaint in preparing his defense. We conclude that because of the way in which the State tried the case and the way in which the defendant presented his defense, the defendant was prejudiced when the court instructed the jury that it need not find that the offense occurred on the date alleged.

As the trial court found, the prosecutor had notice of the defendant's alibi defense because he had reviewed tapes of the previous trial in the district court, at which the same defense had been presented. At trial in the superior court, the prosecutor stated in his opening argument that the altercation occurred on December 22, 2001. He referred to that date no fewer than five times in his direct examination of the victim, and three times on redirect. The last question on redirect was: "And you're sure that the evening of December 22nd was the time that [the defendant] was at home committing the crimes?" The victim answered: "Yes." Under these circumstances, we hold that the defendant was entitled to rely upon the date alleged in the complaint in preparing his defense.

The State argues, however, that the defendant did not strictly rely on his alibi defense, but rather presented a broader defense denying that the crime occurred at all. The State cites defense counsel's attempts in closing argument to undermine the victim's credibility. The State also cites the defendant's denials on cross-examination that the alleged offense occurred anytime in December of 2001. The trial court relied on the same testimony in finding that the defendant was not prejudiced by its instruction. It stated: "In responding to narrow questions by the state, [the defendant] expanded the time frame of his denial to the month of December 2001.

Thus, it is clear that the defendant's defense was broader than merely the alibi he claimed for the particular evening of December 22, 2001."

■ We find these arguments unpersuasive. Defendants are generally allowed to present alternative theories of defense. *See, e.g., State v. Seymour*, 140 N.H. 736, 739, 749, *cert. denied*, 519 U.S. 853 (1996). We fail to see how attempting to undermine the State's case, or denying that he committed the crime at all during a certain time frame, diminishes the defendant's reliance on the State's alleged date in preparing and presenting his strongest defense—his alibi.

■ Similarly, we need not consider the State's citation, "[a]s further indication that the defense was not limited strictly to an alibi defense," of the defendant's failure to request a bill of particulars or provide pretrial notice, pursuant to Superior Court Rule 100, that he intended to present an alibi defense. To the extent, however, the State may be seeking to use these failures as independent grounds for undermining the defendant's reliance on the date alleged in the complaint, we are unpersuaded. As for the defendant's failure to file a notice of alibi, we note that the defendant presented his alibi through his own testimony. Superior Court Rule 100 specifically provides that "[t]his rule shall not limit the right of the defendant to testify in his own behalf concerning the alibi notwithstanding he has not filed notice."

We also do not find the defendant's failure to request a bill of particulars fatal to his claims on appeal. The State concedes that the trial court's final answer to the jury constructively amended the complaint. If the defendant was prejudiced by this constructive amendment, his failure to request a bill of particulars is irrelevant.

■ We note the unique facts of this case. The defendant previously tried the case in district court. His theory of defense at that trial was his alibi. The State knew from this previous trial that the defendant would rely on an alibi defense and, nevertheless, tried the case in superior court as though the only date at issue was December 22, 2001. We conclude, on the facts of this case, that the trial court's constructive amendment of the complaint permitting the jury to find that the crime occurred on a different date prejudiced the defendant.

*Reversed and remanded.*

BROCK, C.J., and DALIANIS and DUGGAN, JJ., concurred.