# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0633, <u>State of New Hampshire v. Myrom Eliam Rodriguez-Nunez</u>, the court on August 22, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Myrom Eliam Rodriguez-Nunez, appeals his convictions, following a jury trial in Superior Court (<u>Attorri</u>, J.), of felony reckless conduct and endangering the welfare of a child. <u>See</u> RSA 631:3 (2016); RSA 639:3 (2016). He argues that the trial court erred in: (1) answering questions from the jury during deliberations regarding conduct not stated in the indictment; and (2) denying his request to make a record of the chambers conference discussing the court's proposed answer. We affirm.

The defendant first argues that the trial court's answer to questions from the jury during deliberations impermissibly amended the reckless conduct indictment. "The response to a jury question is left to the sound discretion of the trial court." <u>State v. Poole</u>, 150 N.H. 299, 301 (2003) (quotation omitted). We review the trial court's answer to a jury question under our unsustainable exercise of discretion standard. <u>State v. Kelly</u>, 160 N.H. 190, 195 (2010). Under this standard, the defendant must show that the Court's decision was "clearly untenable or unreasonable to the prejudice of his case." <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001).

The indictment charged the defendant with engaging in reckless conduct by "driving his vehicle at speeds greater than the posted speed, passing other motor vehicles on the left side, crossing the roadway's double yellow line, driving into oncoming motor vehicle traffic, [and] forcing other drivers to take evasive action to avoid a collision, while fleeing a motor vehicle accident he was involved in."

At trial, a witness testified that, shortly after the defendant engaged in the charged conduct, and before he was stopped by police, the defendant drove his vehicle over the grassy area of a Sal's Pizza parking lot. The State introduced a video showing the defendant's car driving over the grassy area. The defendant did not object to the admission of the video or seek a limiting instruction.

During deliberations, the jury asked the following question:

Does the video apply to the reckless conduct charge? The wording of the charge does not specifically mention driving on something other than a road. It only refers to crossing the roadway's double yellow line. The reckless conduct charge doesn't mention the Sal's Pizza parking lot incident.

The court held an unrecorded conference in chambers to discuss its response to the jury's question. Over the defendant's objection, the trial court answered: "Yes. You may consider the video in determining whether the defendant acted recklessly."

The defendant argues that the trial court's answer impermissibly amended the indictment because his conduct in driving over the grassy area of the Sal's Pizza parking lot was not alleged in the indictment. As the State points out, the defendant did not articulate the grounds for his objection on the record, following the chambers conference. We will assume, however, that the defendant preserved this issue for review.

"A person is guilty of reckless conduct if he recklessly engages in conduct which places or may place another in danger of serious bodily injury." RSA 631:3, I. To prove that the defendant acted with a "reckless" mens rea, the State had to show that he was aware of, but consciously disregarded, a substantial, unjustifiable risk that serious bodily injury would result from his conduct. State v. Carnevale, 172 N.H. 700, 704 (2019); RSA 626:2, II(c) (2016). Because determining the defendant's awareness is a subjective inquiry, it may be proved by any surrounding facts or circumstances. State v. Carnevale, 172 N.H. at 704. In this case, the jury could have considered the defendant's conduct in driving over the grassy area immediately after engaging in the charged conduct to determine whether he was acting recklessly when committing the charged conduct. See id. Accordingly, we cannot conclude that the trial court impermissibly amended the reckless conduct indictment or unsustainably exercised its discretion by instructing the jury that it could consider the video in determining whether the defendant acted recklessly. See State v. Kelly, 160 N.H. at 195.

The defendant next argues that the trial court erred in denying his request for a hearing to make a record of the chambers conference during which he objected to the trial court's proposed answer. Because the defendant raises this issue only to show this court, if necessary, that he preserved his

2

arguments for appellate review, and because we have assumed that the defendant's arguments were preserved for review, we need not address this issue.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**<br>**Clerk**